Green, Judge,
delivered the opinion of the court:
The plaintiff brings this suit to recover the difference between the pay authorized for an enlisted man in training for a commission and that of a sergeant from January 4, 1918, to June 1,1918, and also the difference between the pay authorized for a second lieutenant on foreign service and that received by him as an enlisted man, sergeant, from June 1, 1918, to July 12,1918.
The defendant insists that the action on both of these claims is barred by the statute of limitations. It is obvious that if the claim for additional compensation accrued on the first of the months following the dates that the plaintiff •claims he is entitled to the pay, that is from February 1, 1918, and August 1, 1918, respectively, plaintiff’s action 'begun September 8, 1930, cannot be maintained.
The argument on behalf of plaintiff is that this is not an •action for pay which became due at the end of each month .but to recover fees and that the case is controlled by section 145 of the Judicial Code (28 U.S.C.A., sec. 250) which provides in part—
“That no suit against the Government of the United States, brought by any officer of the United States to recover fees for services alleged to have been performed for the United States, shall be allowed under this chapter until an account for said fees shall have been rendered and finally acted upon as required by law, unless the General Accounting Office fails to act finally thereon within six months after the account is received in said office.”
It is therefore contended that the cause of action did not arise until the General Accounting Office acted upon the claim.
If plaintiff is correct in this construction of the portion of the statute quoted above, the case was begun in time.
The point raised by plaintiff does not seem to have ever been made before, and we can find nothing in the authorities to aid us in our decision. We are, however, quite clear that fhe portion of the statute quoted above has no application *227 to the case at bar. In construing the statute we must give-to the word “ fees ” the meaning in which it is ordinarily-understood. While the word “ fee ” was occasionally used in former times to mean pay or wages, the dictionary states that this use is now obsolete. For the purpose of this case alone, we think we might say that the distinction between a fee and a salary or wages is that a salary or wages is an amount paid for service for a definite length of time while-a fee is a payment for a service, the amount of which is-not necessarily determined by the length of time which it. occupied.
Plaintiff’s action must be dismissed, and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.