**WHITE v. UNITED STATES.**

No. 48989.

United States Court of Claims.

June 5, 1951.

Fred W. Shields, Washington, D. C., King & King, Washington, D. C., on the brief, for plaintiff.

Benton C. Tolley, Jr., Washington, D. C., H. G. Morison, Asst. Atty. Gen. and Newell A. Clapp, Acting Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff, on January 18, 1927, entered into a minority term of enlistment in the United States Navy from which he was honorably discharged on March 10, 1930. He reenlisted in the United States Navy on May 9, 1930, and served through successive terms of enlistment until June 30, 1946, when he was transferred to the Fleet Reserve in the rating of Chief Water Tender, which rating he held on the active list immediately prior to his transfer. Although transferred to the Fleet Reserve on June 30, 1946, plaintiff was retained on active duty until December 22, 1946, when he was released to an inactive status.

At the time of his transfer to the Fleet Reserve on June 30, 1946, plaintiff was credited with 20 years' active service by reason of the credit for a full four years' active service given to him for his original minority enlistment in the United States Navy, although his actual service amounted to but 19 years, 2 months, and 29 days.

On December 22, 1946, when plaintiff was released to an inactive status, he had served 19 years, 8 months, and 23 days actual active service in the United States Navy.

After his release from active duty, plaintiff elected and requested that he be paid retainer pay computed on the basis of two and one-half per centum of the total pay he received at the time of his release to an inactive status, multiplied by the 20 years' active service with which he was credited, but instead he was paid only retainer pay computed on the basis of one-half of the base pay he was entitled to receive while serving on active duty.

This action by plaintiff is to recover the difference between retainer pay computed at the rate of two and one-half per centum of the base and longevity pay he was receiving at the date of his transfer to the Fleet Reserve multiplied by the number of years of active service he had completed at the time of his transfer and retainer pay computed on the basis of one-half of his base pay, on which basis he has been paid from December 22, 1946, to the date of judgment.

Sections 202 and 204 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1178, 34 U.S.C.A. §§ 854a, 854c, provide in part as follows:

"Sec. 202. For all purposes of this Act a complete enlistment during minority shall be counted as *four years' service* [italics added] and any enlistment terminated within three months prior to the expiration of the term of such enlistment shall be counted as the *full term of service* [Italics added] for which enlisted: *Provided,* That all

transfers from the Regular Navy to the Fleet Naval Reserve or to the Fleet Reserve, and all transfers of members of the Fleet Naval Reserve or the Fleet Reserve to the retired list of the Regular Navy, heretofore or hereafter made by the Secretary of the Navy, shall be conclusive for all purposes, and all members so transferred shall, from the date of transfer, be entitled to pay and allowances, in accordance with their ranks or ratings and length of service as determined by the Secretary of the Navy: * * *.

\* \* \* \* \* \*

"Sec. 204. Men serving in the Regular Navy on the date of the passage of this Act, who first enlisted in the Navy after July 1, 1925, or who reenlisted therein after July 1, 1925, having been out of the Regular Navy for more than three months, and men who first enlist in the Regular Navy after the passage of this Act, may upon their own request be transferred to the Fleet Reserve upon the completion of at least twenty years' *naval service:* [italics added] * * *."

Section 202 of the Naval Reserve Act, supra, provides in plain language that a complete enlistment during minority shall be counted as four years' "service." The issue in this case arises as a result of the language found in Section 204 of the same Act as amended by the Act of August 10, 1946, supra, wherein it is provided that members of the Navy can be transferred to the Fleet Reserve after the completion of at least 19 years and 6 months' "active Federal service."

Plaintiff actually served 3 years, 1 month, and 23 days in a minority enlistment and contends that he is entitled to add the 10 months and 7 days of "constructive service," with which he was credited by reason of his minority enlistment to his 19 years, 2 months, and 29 days of actual Federal service so that his retainer pay can be computed in accordance with Section 204 of the Naval Reserve Act.

Defendant bases its defense upon the proposition that while "constructive service" during a minority enlistment can be counted as "active" service for purposes of retirement into the Fleet Reserve under Section 202, such service cannot be counted as "active Federal service" for purposes of computing retirement pay under Section 204 of the Act, as amended.

Section 2 of the Act of August 10, 1946, 60 Stat. 993, provides as follows:

"Sec. 2. Section 204 of the Naval Reserve Act of 1938 (52 Stat. 1179) is hereby amended to read as follows:

"'Sec. 204. Members of the Navy who first enlisted in the Navy after July 1, 1925, or who reenlisted therein after July 1, 1925, having been out of the Regular Navy for more than three months, may upon their own request be transferred to the Fleet Reserve upon the completion of at least twenty years' active Federal service. After such transfer, except when on active duty, they shall be paid at the annual rate of 2½ per centum of the annual base and longevity pay they are receiving at the time of transfer multiplied by the number of years of active Federal service: *Provided,* That the pay authorized in this section shall be increased 10 per centum for all men who may be credited with extraordinary heroism in the line of duty: *Provided further,* That the determination of the Secretary of the Navy as to the definition of extraordinary heroism shall be final and conclusive for all purposes: *Provided further,* That the pay authorized in this section shall not exceed 75 per centum of the active-duty base and longevity pay they were receiving at the time of transfer: *Provided further,* That all enlisted men transferred to the Fleet Reserve in accordance with the provisions of this section and of sections 1 and 203 of this Act shall, upon completion of thirty years' service, be transferred to the retired list of the Regular Navy, with the pay they were then legally entitled to receive: *Provided further,* That nothing contained within this section shall be construed to prevent persons who qualify for transfer to the Fleet Reserve under the provisions of section 203 of this Act from being transferred in accordance with the provisions of this section if they so elect: *Provided further,* That a fractional year of six months

or more shall be considered a full year for purposes of this section and section 203 in computing years of active Federal service and base and longevity pay: *And provided further,* That the provisions of this section shall apply to all persons of the class described herein heretofore or hereafter transferred to the Fleet Reserve, except that no increase in pay or allowances shall be deemed to have accrued prior to the date of the enactment of this amendment. For the purposes of this section, all active service in the Army of the United States, the Navy, the Marine Corps, the Coast Guard, or any component thereof, shall be deemed to be active Federal service."

The acceptance of defendant's contention would require this court to adopt what in our opinion would constitute a rather harsh construction of the language employed by Congress in the Naval Reserve Act and the amendments thereto. We would in effect be required to hold that while Congress had established a "reward" or "bonus" for minority enlistees in the Navy in one section of the Act (Sec. 202) it had later by amendment deprived such minority enlistees of the credit previously given to them.

However, the manner in which the provisions of the original Naval Reserve Act of 1938 were amended by Congress indicates to us that we are not called upon to adopt the view advocated by the defendant, and that plaintiff's contention should prevail for the following reasons:

The benefits, including the "reward" or "bonus" for complete minority enlistments set forth in Section 202 of the 1938 Act were left untouched by Congress in that the 1946 Act neither amended nor repealed that section of the law. This later act amended only Section 204 of the Act of 1938 and thus Section 202 must be read as a part of the integrated Naval Reserve Act in order to give full effect to the general purpose of the Act. It is the whole policy of the legislation rather than the literal use of language with which we are concerned. United States v. American Trucking Ass'n, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345.

Reference to the Report of the Senate Committee on Military Affairs on S. 2460 (enacted as the Act of August 10, 1946) indicates that the right of enlisted men to transfer to the Fleet Reserve is based upon years of "service" or "naval service" as was authorized by Section 202 of the Naval Reserve Act of 1938. Thus we are led to the conclusion, as plaintiff contends, that the use of the words "active Federal service" in the amendments of 1946 was made for the purpose of distinguishing the "service" required for transfer to the Fleet Reserve from the "active" and "inactive" service which would qualify personnel to transfer to the retired list of the Regular Navy under proviso four of Section 204, supra.

Furthermore, plaintiff had been transferred to the Fleet Reserve prior to the enactment of the Act of August 10, 1946, and had actually been credited with 20 years' service at the time of his transfer. Plainly, the last proviso of amended Section 204, supra, is broad enough in terms to include plaintiff as one of the class previously transferred to the Fleet Reserve, and it logically follows that he would also be of the class entitled to have his retired or retainer pay computed in the same manner provided for other members of the same class by that section of the amended act.

Finally, Section 3 of the Act of 1946, supra, p. 994, amended Title II of the Naval Reserve Act of 1938 [1] by adding new Section 208, 34 U.S.C.A. § 854g, which provided in pertinent part as follows:

"Sec. 208. Whenever enlisted men of the Fleet Reserve, transferred thereto after more than sixteen years' service, * * * perform active duty after July 1, 1925, such active duty, * * * shall be included in the computation of their total service for the purpose of computing their retainer or retired pay when in an inactive-duty status, and in the computation of their retainer or retired pay all active duty so performed subsequent to the effective date of transfer to the Fleet Reserve or to the retired list shall be counted for the purpose of comput-

ing percentage rates and increases with respect to their retainer or retired pay and shall be based on the enlisted pay received by them at the time they resume an inactive-duty status, including increases in consequence of advancement in rating, longevity, and extraordinary heroism".

Plaintiff had actually completed more than 16 years' service when transferred to the Fleet Reserve and after transfer remained on active duty for a period of 5 months and 22 days. The addition of the period of actual service after transfer to his actual service prior thereto entitles him to credit for 19 years, 8 months, and 23 days actual service in the United States Navy.

Therefore, plaintiff had, as he contends, more than 19 years and 6 months' actual active service at the time he was released to an inactive status and under the language of Section 204 of the Act of 1946, supra, is entitled to retired or retainer pay based upon 20 years of service.

Accordingly, we conclude that plaintiff is entitled to the difference in the retainer pay actually received by him since his release from active duty and the retainer pay to which he is entitled for the period from December 23, 1946, to the date of this judgment, to be computed at the rate of two and one-half per centum of the base and longevity pay which he received at the date of his transfer to the Fleet Reserve multiplied by the number of years of active service with which he is credited. Entry of judgment will be withheld pending a computation of the amount by the General Accounting Office.

It is so ordered.

JONES, Chief Judge, and WHITAKER, and LITTLETON, Judges, concur.

MADDEN, Judge (concurring).

Section 3 of the Act of August 10, 1946 is an adequate ground upon which to base the plaintiff's recovery. I would not, therefore, express an opinion as to whether or not the plaintiff would also be entitled to recover under Section 2 of that Act.