MISTRETTA v. UNITED STATES.
No. 101–52.

United States Court of Claims.
April 6, 1954.

Paul R. Harmel, Washington, D. C., for plaintiff.

Benton C. Tolley, Jr., Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Wilson Myers, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, and MADDEN, Judges.

LITTLETON, Judge.

Plaintiff, a former second lieutenant in the Army, brings this suit to recover pay and allowances in the amount of $926.38 for the period November 6, 1944, to February 13, 1945. The case comes before the court on defendant's motion for summary judgment asking dismissal of plaintiff's amended petition on the grounds that plaintiff's claim is barred by our six-year statute of limitation. 28 U.S.C.1946 Ed. (Supp. IV), § 2501, 62 Stat. 976.[1] The petition was filed February 29, 1952.

On November 6, 1944, plaintiff was convicted by a general court martial and sentenced to imprisonment, dismissal from service, and forfeiture of all pay and allowances due or to become due. This sentence was confirmed on February 13, 1945,[2] and under Army Regulations, then in effect, plaintiff was entitled to his pay and allowances during the period between conviction and final affirmation of such conviction even though he was confined in prison. Plaintiff was duly informed of this at the time of his conviction. However, because of a misunderstanding as to the applicable regulation, that is, an erroneous belief that approval by the Base Commanding General was needed, submission of plaintiff's pay voucher, which was an Army procedure to provide orderly administration, was delayed, and the court martial sentence was confirmed before the voucher for the interim pay was submitted. Plaintiff could have made such a voucher. It was not until July 15, 1946, that the voucher was submitted, and on October 13, 1947, payment was refused, according to the plaintiff, on the basis of the court martial order which directed that all pay and allowances due or to become due

---

1. This case was first submitted to the court on the parties' cross-motions for summary judgment; plaintiff asking dismissal of defendant's counterclaim and defendant seeking dismissal of the petition. While these motions were pending, plaintiff was granted leave to amend his petition which amendment was filed on April 24, 1953. On May 5, 1953, the court entered an order dismissing defendant's counterclaim and remanding the case to the general docket for further proceedings on plaintiff's amended petition.

2. Depite this confirmation, it appears from the pleadings that the decision of the court martial was later modified in some respects, and plaintiff was permitted to re-enlist from which enlistment he received an honorable discharge.

were to be completely forfeited. The forfeiture provision was contained in the sentence of February 13, 1945.

Having filed his petition in this court on February 29, 1952, it is plaintiff's position that his cause of action in respect to the pay and allowances in question, prior to the affirmation of his conviction, did not accrue until either his voucher for his pay was presented by him on July 15, 1946, or until it was denied on October 13, 1947, both dates being within the six-year statutory period. As an alternative contention, plaintiff urges that the statute of limitation should be tolled pending the prosecution of his claim for pay before the administrative agency.

Defendant asks dismissal of the amended petition on the grounds that plaintiff's right to the pay and allowances accrued at the end of each month or on February 13, 1945, when the court martial proceedings were confirmed and his pay and allowances "due or to become due" were forfeited. All such dates were more than six years prior to the filing of the petition. In answer to plaintiff's second contention, defendant cites the long-standing rule and supporting cases in this court to the effect that the statute of limitation is not tolled in a case such as this pending an administrative determination, relative to plaintiff's claim for his pay, since there had previously been a definite decision of forfeiture.

■ Plaintiff argues in essence that a claim accrues when all events have happened which entitle a suit to be brought thereon, and it is claimed that here plaintiff could not have maintained this action until his voucher had been rejected. We do not agree. Is the "event" of filing a voucher by an Army officer a matter of substance going to the heart of the obligation or merely a matter of form which does nothing more than determine the amount due, and keep the

records straight? We adhere to the latter view. By statute, 10 U.S.C.1952 Ed., § 861,[3] the Government by statute obligated itself to pay its Army officers on a monthly basis, and this court on several occasions has stated that the officer's right to receive this compensation accrues at the end of each month or on the date of the completion of this service. Withers v. United States, 69 Ct.Cl. 584, 587; Tricou v. United States, 71 Ct.Cl. 356, 360; Page v. United States, 73 Ct. Cl. 626, 631; Thomson v. United States, 79 Ct.Cl. 224, 226; Smith v. United States, 98 Ct.Cl. 392, 397.

■ Plaintiff has referred us to several cases, none of which, incidentally, are pay cases, wherein it was held that the cause of action did not accrue until the occurrence of some condition precedent. However, in those cases it was not until the occurrence of this condition precedent to which the parties agreed that the obligation of payment became fixed on the Government. For a discussion of those cases see, Sese v. United States, 113 F.Supp. 658, 125 Ct.Cl. 526. In this case the Government by statute, *supra,* has expressly bound itself to compensate its Army officers on a monthly basis, and we find nothing in Regulation AR35–1360, cited by plaintiff and the provisions issued thereunder, as altering or postponing that obligation. Plaintiff had a right to sue and his claim first accrued when the pay became due. We look upon such a regulation relating to a voucher form as merely providing the mechanics by which payment may be made but not as altering in any respect the right itself, which for the purpose of the statute of limitation becomes fixed at the close of the first month, for which the person concerned is not paid. Plaintiff's cause of action accrued at the very latest on February 13, 1945, when the sentence of the court martial was confirmed, said date being his last day of service in so far as the pay and allowances here in question are concerned.

3. "Officers to be paid monthly. The sums allowed to officers for pay, rental allowances and subsistence shall be paid in monthly payments. [R.S., § 1268]." Derived from the Act of July 15, 1870, ch. 294, § 24, 16 Stat. 320.

From that day he was out of the service. In effect, he was fired.

As for plaintiff's alternative argument to the effect that the statute of limitation should be held to have been tolled pending the exhaustion of his administrative remedies, this court has for many years, despite the broadening of our jurisdiction, ruled that no such tolling of the statute will be permitted unless suit is brought under an act *requiring* a prior administrative determination, as a condition of suit. The plaintiff's suit is not within that exception.

Plaintiff's petition having been filed on February 29, 1952, is held to have been filed more than six years after his cause of action first accrued. Therefore, defendant's motion for summary judgment and dismissal is granted, and plaintiff's original and amended petition are dismissed. It is so ordered.

JONES, Chief Judge, and MADDEN, and WHITAKER, Judges, concur.