**Max Evans HUMPHREY**

v.

**The UNITED STATES.**

**No. 407–52.**

United States Court of Claims.

Nov. 7, 1956.

Fred W. Shields, Washington, D. C., for the plaintiff. Calvin H. Childress, Washington, D. C., was on the briefs.

Francis P. Borden, Jr., College Park, Md., with whom was Asst. Atty. Gen. George Cochran Doub, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff seeks a recomputation of retainer and retirement pay paid him since his transfer to the Fleet Reserve on January 23, 1946.

The questions presented are: (1) whether in respect to the period of time between August 10, 1946, and October 1, 1949,[1] plaintiff may now nullify a voluntary election made pursuant to section 9 of the Act of August 10, 1946, 60 Stat. 993, 997, 34 U.S.C.A. § 854c note, to receive retainer pay under the provisions of law in effect immediately prior to the date of enactment of that act, and (2) whether in respect to the period of time since October 1, 1949, plaintiff has been paid retainer pay properly computed in accordance with section 511 of the Career Compensation Act of 1949, 63 Stat. 829, 37 U.S.C.A. § 311.

Plaintiff first enlisted in the United States Navy on October 16, 1925, and served a minority enlistment until October 18, 1928. He reenlisted on January 5, 1929, and served through successive terms of enlistment until he was transferred to the Fleet Reserve on January 23, 1946. On such date he had completed 20 years 11 months and 15 days total naval service for transfer purposes. Of this amount, 1 year and 2 days represents constructive credit for time not served in a minority enlistment, but based on 3

1. Plaintiff, in his reply brief, concedes he is not entitled to recover increased retainer or retired pay for any period prior to the enactment of the Act of August 10, 1946.

years' and 2 days' service under said minority enlistment.

In accordance with section 204 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1179, 34 U.S.C.A. § 854c he was paid retainer pay at the rate of one-half the base pay he was receiving at the time of his transfer. Section 204 provides as follows:

"Men serving in the Regular Navy on the date of the passage of this Act, who first enlisted in the Navy after July 1, 1925, or who reenlisted therein after July 1, 1925, having been out of the Regular Navy for more than three months, and men who first enlist in the Regular Navy after the passage of this Act, may upon their own request be transferred to the Fleet Reserve upon the completion of at least twenty years' naval service: *Provided,* That they are physically and otherwise qualified to perform duty in time of war. After such transfer, except when on active duty, they shall be paid at the rate of one-half of the base pay they are receiving at the time of transfer: *Provided further,* That all enlisted men transferred to the Fleet Reserve in accordance with the provisions of Sections 1 and 203 of this Act shall, upon completion of thirty years' service, be transferred to the retired list of the Regular Navy, with the pay they were then legally entitled to receive and the allowances to which enlisted men of the Regular Navy are entitled on retirement after thirty years' service: *And provided further,* That all enlisted men transferred to the Fleet Reserve in accordance with the provisions of this section shall, upon completion of thirty years' service, be transferred to the retired list of the Regular Navy, with the pay they were then legally entitled to receive, plus all permanent additions thereto, and the allowances to which enlisted men of the Regular Navy are entitled on retirement after thirty years' service."

With the amendment of the Naval Reserve Act of 1938 by the Act of August 10, 1946, supra, a new method of computation of retainer pay was established. This method entitled plaintiff to elect to receive as retainer pay a sum arrived at by multiplying his years of active Federal service by two and one-half percent of his base and longevity pay. Under the provisions of this act plaintiff could elect to continue to receive retainer pay in accordance with the provisions of law in effect immediately prior to the date of enactment of said Act of August 10, 1946, supra. Section 204 of the above amending act provides:

" 'Members of the Navy who first enlisted in the Navy after July 1, 1925, or who reenlisted therein after July 1, 1925, having been out of the Regular Navy for more than three months, may upon their own request be transferred to the Fleet Reserve upon the completion of at least twenty years' active Federal service. After such transfer, except when on active duty, they shall be paid at the annual rate of 2½ per centum of the annual base and longevity pay they are receiving at the time of transfer multiplied by the number of years of active Federal service: *Provided,* That the pay authorized in this section shall be increased 10 per centum for all men who may be credited with extraordinary heroism in the line of duty: *Provided further,* That the determination of the Secretary of the Navy as to the definition of extraordinary heroism shall be final and conclusive for all purposes: *Provided further,* That the pay authorized in this section shall not exceed 75 per centum of the active-duty base and longevity pay they were receiving at the time of transfer: *Provided further,* That all enlisted men transferred to the Fleet Reserve in accordance with the provisions of this section and of sections 1 and 203 of this Act shall, upon completion of thirty years' service, be transferred to the retired list of the Reg-

ular Navy, with the pay they were then legally entitled to receive: *Provided further,* That nothing contained within this section shall be construed to prevent persons who qualify for transfer to the Fleet Reserve under the provisions of section 203 of this Act from being transferred in accordance with the provisions of this section if they so elect: *Provided further,* That a fractional year of six months or more shall be considered a full year for purposes of this section and section 203 in computing years of active Federal service and base and longevity pay: *And provided further,* That the provisions of this section shall apply to all persons of the class described herein heretofore or hereafter transferred to the Fleet Reserve, except that no increase in pay or allowances shall be deemed to have accrued prior to the date of the enactment of this amendment. For the purposes of this section, all active service in the Army of the United States, the Navy, the Marine Corps, the Coast Guard, or any component thereof, shall be deemed to be active Federal service.' "

Section 9 of the Act of August 10, 1946, supra, provides:

"No back pay for any period prior to the date of enactment of this Act shall accrue to any person by reason of the enactment of this Act except as otherwise provided in section 3. No person, active or retired, of any of the armed forces, shall suffer, by reason of this Act, any reduction in any pay, allowances, or compensation to which he was entitled upon the effective date of this Act. Retired enlisted personnel of the Navy and Marine Corps, personnel of the Navy and Marine Corps who are members of the Fleet Reserve or Fleet Marine Corps Reserve, and personnel of the Navy and Marine Corps who become eligible and who apply for transfer to the Fleet Reserve or Fleet Marine Corps Reserve shall receive an opportunity to elect to receive retainer and retired pay under the provisions of this Act or to receive such pay under the provisions of law in effect immediately prior to the date of the enactment of this Act, and these persons shall be entitled to receive the pay elected."

As shown by defendant's exhibit 1, plaintiff elected "to continue to receive retainer and retired pay as it is now being computed under the provisions of Public Law 732, 75th Congress." (Naval Reserve Act of 1938, 52 Stat. 1175.) Plaintiff continued to receive his retainer pay pursuant to that act. A new pay law, the Career Compensation Act of 1949, supra, was enacted effective October 1, 1949. Under section 511 of that act plaintiff was entitled to (a) continue to receive the retainer pay which he was receiving on the date of enactment of that law, or (b) receive retainer pay equal to two and one-half percent of the monthly basic pay multiplied by the number of years of active service creditable to him, whichever was greater. Since the enactment of the above act, plaintiff has been paid pursuant thereto.

Thus it can be seen that plaintiff's retainer pay has been correctly computed under the provisions of the acts of 1938, 1946 and 1949, supra.

The remaining question is whether or not plaintiff is bound by his election as provided in section 9 of the 1946 act.

His reasons for such an election are perhaps immaterial and, of course, are not a part of this record. However, it can readily be seen that even though under his election he would receive less pay at the time, his pay would be materially increased after 30 years of service.

Plaintiff in his reply brief argues that he was not completely and correctly advised of his rights and amounts to which he would be entitled; that he mistakenly elected and should not be bound thereby. The short answer to this contention is that not until the pay raise under the Career Compensation Act of 1949, supra, did anything appear which in the slight-

est degree would make plaintiff's election seem disadvantageous. Up to the time of enactment of the 1949 act plaintiff's election would appear to be the wise one. It was not until after passage of this act that plaintiff's election appeared unwise. Therefore, plaintiff's complaint now seems to stem from hindsight rather than mistake.

There is no allegation or the slightest suggestion in the petition that plaintiff was misled. Nor do the facts show that plaintiff relied on erroneous information furnished by defendant. The petition contains only the allegation that plaintiff's claim is made under and based upon the Naval Reserve Act of 1938, supra, as amended by the Act of August 10, 1946, supra. The main brief of plaintiff in support thereof is grounded solely on the meaning of the words "active Federal service". Plaintiff cites the case of White v. United States, 97 F.Supp. 698, 121 Ct. Cl. 1. This case, however, is not in point. In that case White elected to avail himself of a new method of computation provided by the Act of August 10, 1946, and was wrongfully denied that right, even though clearly entitled to it. In the case at bar, plaintiff was granted the right of election and elected to continue under a prior law. Thus, in the light of plaintiff's voluntary election, the meaning of the words "active Federal service" is unimportant.

Therefore, we must conclude that plaintiff voluntarily elected, is bound thereby, and has been properly paid in accordance with his election.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER, Judge, concur.

LITTLETON, Judge, with whom MADDEN, Judge, concurs (dissenting).

We are unable to agree with the opinion of the majority which denies plaintiff's motion for summary judgment and grants defendant's motion for summary judgment dismissing the petition.

The opinion of the majority states that the two questions presented are: (1) whether in respect to the period of time between August 10, 1946, and October 1, 1949, plaintiff may now nullify a voluntary election made pursuant to section 9 of the act of August 10, 1946, 60 Stat. 993, 997, to receive retainer pay under the provisions of law in effect immediately prior to the date of enactment of that Act, and (2) whether, in respect to the period of time since October 1, 1949, plaintiff has been paid retainer pay properly computed in accordance with section 511 of the Career Compensation Act of 1949, 63 Stat. 829.

With reference to the second question above, it should be noted that plaintiff's petition makes no claim to any benefits under the Career Compensation Act of 1949, and in his reply brief plaintiff states that he "is not seeking retired pay under the provisions of that Act but instead under the provisions of the Naval Reserve Act of 1938, as amended by the act of August 10, 1946." Section 511 of the 1949 Act provides that on and after the effective date of that Act members of the Fleet Reserve shall be entitled to receive retainer pay or retired pay computed by one of two methods, "whichever is the greater". The first method offered was to receive the retainer or retired pay authorized by provisions of law in effect on the day immediately preceding the date of the enactment of the 1949 Act. Plaintiff's claim in this suit relates solely to the amount of retainer pay he claims he was authorized to receive under provisions of law in effect prior to the effective date of the 1949 Act, i. e., the Naval Reserve Act of 1938, as amended by the act of August 10, 1946.

The primary issue in this case, which we think is neither stated nor decided by the majority opinion, is whether under the Naval Reserve Act of 1938, as amended in 1946, plaintiff was entitled to have his retainer pay computed on the basis of $2\frac{1}{2}\%$ of his annual base and longevity pay multiplied by the number of years of

active Federal service, including in both the longevity computation and the active Federal service, the 1 year and 2 days' constructive service resulting from his minority enlistment. In the case of White v. United States, 97 F.Supp. 698, 121 Ct.Cl. 1, it was decided that White's constructive service time should be included as active Federal service. The matter of counting White's constructive service for longevity purposes did not arise since, if counted, such constructive service time would not have increased White's longevity credit.[1]

The majority opinion does not expressly overrule our opinion in the White case, supra, and states that the White case is not in point because White *elected* to avail himself of a new method of computation provided by the Act of August 10, 1946 and was wrongfully denied that right, even though clearly entitled to it, whereas plaintiff herein elected to receive the pay offered him under the 1946 Act and is therefore bound by that election. However, earlier in the opinion, the majority states that "plaintiff's retainer pay has been correctly computed under the provisions of the acts of 1938, 1946, and 1949".

Insofar as the majority opinion holds that plaintiff's retainer pay was correctly computed under the provisions of the 1938 and 1946 Acts, we think it is in error and contrary to our holding in the White case, supra. We also think the majority errs in holding that plaintiff was bound by his so-called election to receive less than the 1946 Act required he be offered.

The admitted facts in this case show that on January 23, 1946, plaintiff was transferred to the Fleet Reserve. At that time he had served on active duty only 19 years, 11 months and 13 days and therefore would not have been eligible for transfer to the Fleet Reserve unless the Navy had counted as a full term of enlistment his minority enlistment during which he actually served only 2 years and 363 days. The Navy did count plaintiff's minority enlistment as four full years of service, however, and transferred him to the Fleet Reserve.

Section 202 of the Naval Reserve Act of 1938, 52 Stat. 1175, 34 U.S.C.A. § 854a, provides in part:

"For all purposes of this Act a complete enlistment during minority shall be counted as four years' service * * *."

Pursuant to the above section 202, the Navy transferred plaintiff to the Fleet Reserve after 19 years, 11 months and 13 days of actual service and 1 year and 2 days of constructive service. His retainer pay under the 1938 Act, which had not yet been amended, was at the rate of ½ of his base pay not increased by longevity and accordingly neither his longevity nor his years of active service entered into the computation of plaintiff's retainer pay. Plaintiff concedes that his retainer pay was correctly computed upon his transfer to the Fleet Reserve in January 1946.

On August 10, 1946, the Naval Reserve Act of 1938 was amended and section 204, as amended by section 2 of the 1946 Act, provided a new method of computing retainer pay as follows:

" * * * they shall be paid at the annual rate of 2½ per centum of the annual base and longevity pay they are receiving at the time of transfer multiplied by the number of years of active Federal service: * * *."

If, as we decided in the White case, section 202 of the 1938 Naval Reserve Act was not changed or repealed insofar

---

1. Longevity credit is 5% for each 3 years of service. Without counting White's constructive service his years of service were approximately 19 years. Counting his constructive service, his years of service were 20. Accordingly, under either computation his credit for longevity would have been only 30%. In the instant case, plaintiff's longevity credit would be increased from 30% to 35% if he is allowed credit for his one year and 2 days' constructive service since such credit would bring his service up from 20 years to 21 years.

as it permitted the counting *for all purposes* a complete minority enlistment as four full years of service, then plaintiff was entitled under section 204, as amended by the 1946 Act, to have his retainer pay recomputed at the annual rate of 2½ per centum of the annual base pay increased by 35% for longevity, or for 21 years of service (5% for each 3 years of service, actual plus constructive), multiplied by the number of years of his active Federal service, or 21 years.

Section 9 of the act of August 10, 1946, provides in pertinent part as follows:

"* * * Retired enlisted personnel of the Navy * * * who are members of the Fleet Reserve * * * *shall receive an opportunity to elect to receive* retainer and retired pay *under the provisions of this Act* or to receive such pay under the provisions of law in effect immediately prior to the date of the enactment of this Act, and these persons shall be entitled to receive the pay elected." [Italics supplied.]

In 1947, following the passage of the 1946 amendment to the 1938 Naval Reserve Act, the Chief of Naval Personnel wrote a letter to plaintiff purporting to explain to plaintiff his rights under the 1946 Act. The letter was long and complicated and set forth many situations covered by the Act which were not applicable to this plaintiff. The letter was an attempt by the Navy to include in one letter all the various situations which might arise under the Act. The significant point about this letter, however, is that nowhere in it was plaintiff offered an opportunity to elect to receive the retainer pay which, under a proper interpretation of that Act, was payable to this particular plaintiff, except to continue to receive the pay he was receiving under the law prior to the effective date of that Act. Aside from the right to continue to receive his old retainer pay, the Navy letter offered plaintiff only the right to have his retainer pay computed on the basis of 2½ per centum of his annual base pay and longevity times his years of active service but without including in

his longevity or his years of active service the 1 year and 2 days of constructive service resulting from his minority enlistment. The Navy computation gave plaintiff credit for only 20 years of longevity and 20 years of active service.

The majority opinion holds that because this plaintiff accepted one of the two options offered him by the Chief of Naval Personnel in 1947, he is bound by that election, although the Navy clearly did not offer him the election it was required by law to offer and the one to which he now seeks to establish his right.

As pointed out above, section 9 of the 1946 Act places the *Navy* under the obligation of offering to this plaintiff "an opportunity to elect to receive retainer * * * pay under the provisions of this Act". By virtue of the Navy's misinterpretation of that Act, plaintiff was never given an "opportunity to elect to receive" the pay to which he was entitled under that Act. He was merely given the opportunity to continue to receive the pay he was receiving under a prior act or to receive pay computed in violation of the 1946 Act. We do not agree with the majority that this plaintiff was bound by his election under these circumstances and are of the opinion, on the contrary, that the Navy itself acted in violation of section 9 of the 1946 Act when it offered this plaintiff less than the Act entitled him to.

In Hulse v. United States, 137 F.Supp. 745, 133 Ct.Cl. 848, decided January 31, 1956, we held that plaintiff could not be charged with laches because, for a period of time he accepted without complaint the misinterpretation of certain applicable statutes rendered by the Government lawyers charged with properly interpreting such statutes. In the instant case we think plaintiff is not bound by his election to take retainer pay under a former law when the retainer pay offered him under the 1946 Act was computed at less than he was entitled to receive as a result of the Navy's misinterpretation of section 202 of the 1938 Naval Reserve Act and section 204 as amended by the 1946 Act.

We are of the opinion that plaintiff is entitled to have his retainer pay for the period from August 10, 1946 to October 1, 1949, computed on the basis of 21 years of longevity and 21 years of active service at 2½ per centum of his annual base and longevity pay times his years of active Federal service, and furthermore that he is not bound by his election to take less than the 1946 Act required he be paid because he was not offered an opportunity by the Navy to elect to receive the pay to which that Act entitled him. We fail to see how the plaintiff can be charged with a better knowledge of what the 1946 Act provided than the Chief of Naval Personnel and his staff who were charged with the interpretation and administration of that Act. We are of the opinion that plaintiff's motion for summary judgment should be granted.