Juan S. AFLAGUE et al. (Ernest W. Greaves No. 14)

v.

The UNITED STATES.

No. 212–56.

United States Court of Claims.

Jan. 12, 1962.

———◆———

Thomas M. Gittings, Jr., Washington, D. C., for plaintiff. Fred W. Shields and King & King, Washington, D. C., were on the briefs.

Edgar H. Twine, Washington, D. C., with whom was Asst. Atty. Gen., William H. Orrick, Jr., for defendant. LeRoy Southmayd, Jr., Washington, D. C., was on the briefs.

DURFEE, Judge.

This is a suit by plaintiff, Juan S. Aflague and thirty-three other plaintiffs, but is confined for the purpose of this particular motion to the plaintiff Ernest Greaves. As a former enlisted man of the United States Navy, plaintiff sues to recover the difference between retired pay computed to include only years of active service, which he is now receiving, and retired pay computed so as to include years of inactive as well as active service, for the period July 1, 1952, to the present.

On June 1, 1933, after serving on active duty with the Navy for nearly 17 years, plaintiff was transferred to the Fleet Naval Reserve (later the Fleet Reserve) not by reason of physical disability. About seven years later, on November 1, 1940, he was transferred to the retired list of the Navy because of physical disability not incurred in active service. On December 8, 1941, he was recalled to limited active duty during World War II from which he was released on August 31, 1945, in the rating of chief boatswain's mate, and retired by reason of physical disabilities incurred while not in receipt of active duty pay (i. e. not on active service). Following enactment of the Career Compensation Act of 1949, 37 U.S.C.A. § 231 et seq. he was advised in 1951 that he was not entitled to make his chosen election for benefits under section 411 of the Act *because the disability which resulted in his transfer to the retired list was not incurred while in active service for retirement purposes* (receipt of basic pay).

Plaintiff claims that he is entitled to elect to have his basic monthly pay computed for retirement pay by combining his time in both active and inactive service, under sections 411, 511(b), and 202 (b) of the Act where those sections are considered together. 63 Stat. 802 et seq. The defendant contends that because the disability which resulted in plaintiff's transfer to the retired list was not incurred while in receipt of basic pay, as re-

quired under section 202(b) of the Act, this action must fail.

In considering the various interrelated sections of the Career Compensation Act of 1949 which may be applicable to this particular case, our path is so beset with statutory detours and optional routes that we will briefly trace them before setting our own chosen course to its final destination.

Section 411 of the Act of 1949 gives persons in the uniformed services previously retired for physical disability, the choice of having their retired pay computed under options A or B.

Under option A, section 402(d) provides two methods of computing disability retirement pay, i. e. (1) the longevity method (basic pay multiplied by years of active service multiplied by 2½ percent), or (2) the disability method (basic pay multiplied by percentage of disability when retired). In order to include both active and inactive service in the computation of basic pay under method (1) of 402(d), the person entitled must have been retired for disabilities incurred while in receipt of basic pay, i. e. *in active service*. This is because section 202 (b), while permitting the inclusion of both active and inactive service for computation of *basic pay*, prohibits the inclusion of inactive service credit in computing *basic pay* as a factor in determining *retirement pay*, except as provided in Title IV of the Act.

Option (B) of section 411 provides for retirement pay computed under section 511 of the Act. Plaintiff concedes that he is restricted to option (B) because his disability was not incurred while in active service. Section 511 provides two methods for computation of retirement pay thereunder. Method (a) is the retired pay authorized by provisions of law in effect before the Act of 1949. Plaintiff was receiving retirement pay under a computation which conforms to method (a) of section 511, and asserts his right to elect retirement pay computed under method (b) of Section 511, i. e. 2½ per centum of the highest basic pay to which

the person would be entitled if on active duty, multiplied by number of years of active service.

The question presented here is whether plaintiff, who was retired for physical disability *not incurred in active service*, is entitled to credit for the interim inactive period of service when he was in the Fleet Reserve and on the retired list of the Navy between his two periods of active duty, in the computation of his basic pay as a factor in computing his retired pay under his election of method (b) of section 511 of the Career Compensation Act of 1949.

Plaintiff, in submitting that the computation of his basic pay for determining retirement pay should be based on periods of both active and inactive service, urges that this is consistent with the interpretation placed upon sections 202(b) and 411 of the Career Compensation Act in Bailey v. United States, 134 Ct.Cl. 471 (1956); Travis v. United States, 146 F.Supp. 847, 137 Ct.Cl. 148 (1956); Seliga v. United States, 149 F.Supp. 211, 137 Ct.Cl. 710 (1957); Rex I. Heinlein, Jr. v. United States, Ct.Cl. No. 459–59, decided December 1, 1960.

These cases did establish the principle that in the computation of basic pay *as a factor in determining retirement pay under section 402(d)* of the Act of 1949, Congress intended that the prohibition of section 202(b) of the Act against the inclusion of inactive time in service did not apply. As this court said in Bailey v. United States, supra, 134 Ct.Cl. pp. 476, 477:

"If an officer elects to have his retirement pay computed on the years of service, it is clear that title IV would not permit him to include years of retired service, since it expressly says "a number of years equal to the years of active service." *But the preceding language of section 402(d)* which allows him to use as a factor "an amount equal to the monthly basic pay of the rank, grade or rating held by him at the time" of his second retirement, would seem

to refer to the actual pay he was receiving, which pay in fact included a longevity element based in part on his years of retired service. This basic pay would seem to be the right factor, whether the other factor is (1) the years of active service or (2) the percentage of disability. Because of the "except as provided in title IV of this Act" clause, there must be something in title IV that gives some benefit for such service so far as retired pay is concerned. The only benefit he could get from title IV is to count the retired service for the purpose of computing the base against which the percentage is to be applied." (Emphasis supplied).

However, the plaintiffs involved in each of these cases were entitled to retired pay computed *under section 402(d)*, pursuant to election A of section 411 because each of them was retired for physical disability *incident to active service*. Plaintiff concedes that he could not have successfully employed election A under section 411 because he lacked the qualification required by section 402(b), i. e. that the disability resulting in retirement must have been incurred while entitled to receive basic pay, i. e. *active service*, and he was retired for disability, *not incident to active service*.

The service creditable in computation of *basic pay for active service*, as referred to in section 511(b), is established under section 202 of the Act. Subsection (b) of this section includes periods of inactive service in the Fleet Reserve or on the retired list of the Navy for *basic pay computation*. However, the same subsection provides that except for active service prescribed in section 202(a) (1) added service credit authorized under section 202 for basic pay purposes *shall not be included to increase retired pay*, except as provided in Title IV of the Act.

Plaintiff points out that he was receiving credit for longevity pay purposes of over 30 years under the Pay Readjustment Act of 1942, 56 Stat. 359, 368, as amended, 37 U.S.C.A. § 115, when he was released to inactive duty, and would have been entitled to receive longevity credit for inactive duty for basic pay purposes under section 202(b) of the Act of 1949 if recalled to active duty. He therefore submits that his retired pay should be computed upon the rate of basic pay computed by crediting both his active and inactive service total of over 30 years. This would place him at the basic pay rate for a chief petty officer with over 26 years service, which is the maximum.

In Lawrence McC. Jones v. United States, Ct.Cl., 289 F.2d 825, decided March 1, 1961, plaintiff, retired for longevity in service, asserted his election under sections 411 and 511(b), as did plaintiff in the instant case. He also contended that the computation of his basic pay as a factor in determining his retirement pay should include his periods of both active and inactive service. The court there said: (page 828 of 289 F.2d):

"We think that sections 511 and 202(b), as parts of the same statute, must be construed together. This leads to the conclusion that active duty pay does indeed include credit for years of retired service, but when basic active duty pay is under consideration as an element in retired pay, the *proviso* of section 202 (b) requires that the credit for retired of inactive service be eliminated. The credit for retired service is not, however, eliminated in arriving at disability retired pay because section 202(b) makes a specific exception as to retirement under Title IV."

In referring to the exception in section 202(b) as to retirement under Title IV for disability retirement pay, the court was referring to the credit for retired service for disability retirement pay under Title IV. Plaintiff has elected to have his retired pay computed under section 511 of Title V because he is not entitled to have his retirement pay computed under section 402(b) of Title IV. This is because his disability was not incident to active service.

Congress has clearly distinguished between persons retired for physical disability incurred in active service and persons retired for physical disability not incurred as an incident to active service, such as plaintiff in this case.

A section 411 electee, *retired for a disability of 30 percent or more which was incurred while he was in active service (in receipt of basic pay)* is qualified to make an election to have his retired pay computed under section 402(d) *and his inactive time can be used in computing his basic pay for determining his retirement pay*. This is because the exclusion of such inactive time in computing basic pay for retirement pay purposes under section 202(d) is subject to the exception provided in Title IV—and specifically section 402(d) which permits the inclusion of inactive time, as this court pointed out in Bailey v. United States, supra, and other cases hereinbefore cited.

A section 411 electee *who does not have this 30 percent service incurred disability, but who like plaintiff herein, was retired for disability not incurred in service* cannot elect under section 402(d). He must therefore elect under section 511, and in computing his basic pay as a factor in determining longevity retirement thereunder, he is not entitled to include his periods of inactive service under section 202(b). The exception in 202(b) as to retirement under Title IV does not apply to plaintiff, retired for non-service-incurred disability, any more than it applied in the case of McC. Jones, supra, which involved retirement for longevity service.

In effect, plaintiff's argument carries him to the conclusion that in computing his basic pay as a factor in longevity retirement pay, he is on exactly the same basis as a person retired for disability *incurred in active service,* despite the fact that plaintiff was retired for disability not incurred in active service.

We do not believe that Congress intended any such conclusion. As we said in McC. Jones, supra, page 828 of 289 F.2d:

"We are not aware of anything in the legislative background of the Act which would vindicate the plaintiff's interpretation of the abovementioned language. We believe, however, that a significant glimpse of the Congressional meaning with respect to the *proviso* of section 202 (b) is found in Senate Report No. 733, 81st Cong., 1st sess. (1949). In the analysis of section 202(b) of H. R. 5007, which was to become the Career Compensation Act of 1949, we find:

"(b) *Time spent on a retired list.* —Under this subsection members would accrue additional service credit for pay purposes, while on any retired list while receiving retirement pay from the Veterans' Administration, or while receiving retainer pay in the Fleet Reserve or Fleet Marine Corps Reserve, *but this additional service credit could be used only for active-duty pay. Only actual active service could be used to increase retired pay."* (Emphasis supplied.)

The only physical disability considered *in the computation of retirement pay* under Title IV is provided under 402(a), and this applies only to disability incurred in *active service.*

We therefore conclude that under an election of section 511(b) of the Career Compensation Act of 1949 and further pursuant to section 411 of the Act, plaintiff is not entitled to include his interim periods of inactive service between his periods of active service in computing his basic pay as one of the factors in determining his retirement pay, because he was not retired for disability incurred while in receipt of basic pay, i. e. in active service.

Plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted. The petition will be dismissed.

It is so ordered.

REED, Justice (Retired), sitting by designation, JONES, Chief Judge, and LARAMORE, J., concur.