Whitaker, Judge,
delivered the opinion of the court;
This case conies ‘before us on plaintiff’s motion for summary judgment and defendant’s cross-motion for summary judgment. Plaintiff, No. 21, Charles Howard Leonard, is seeking credit for three months and three days of constructive service in the computation of his retired pay under section 511 of the Career Compensation Act of 1949, 63 Stat. *389 802, 829. He has been receiving retired pay under section 511, but without credit for his constructive service. His claim is the difference between what he has been receiving and what he alleges he should have received by giving full credit for his constructive service.
Briefly, the facts are as follows: Plaintiff enlisted in the United States Navy on June 21, 1918, with immediately succeeding terms of enlistment following. On November 15, 1935 he was transferred to the Fleet Eeserve in the enlisted rating of chief petty officer, pursuant to section 26 of the Naval Eeserve Act of 1925, 43 Stat. 1080, 1087. He had, at this time, completed sixteen years, four months and nine days of actual active service, and, for all purposes of section 26 of the 1925 Act, plaintiff was credited with three months and three days constructive service for two enlistments which were terminated within three months of their normal expiration date.[1] Specifically, the enlistment entered into by him on January 24,1920 was terminated on October 24,1922, whereby he served two years nine months and one day, but received constructive credit for three years. On October 25, 1922 plaintiff began a four-year enlistment, which was terminated on October 20,1926. He received constructive credit for four years service, although he actually served only three years, eleven months and twenty-six days.
Plaintiff was recalled to active duty on July 19,1940, and served until August 17, 1946, when he was again released to inactive duty in the Fleet Eeserve. During this period of active service plaintiff received a temporary appointment to lieutenant, although he reverted to the Fleet Eeserve as a chief petty officer. His total actual active service on this date was twenty-two years, five months and eight days.
May 1, 1949 plaintiff, having completed thirty years of active, inactive and constructive service, was transferred to the retired list of the regular Navy and advanced to the *390 rank of lieutenant pursuant to the provisions of section 204 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1178, and section 8 of the Act of February 21, 1946, 60 Stat. 26, 28, amending section 10 of the Temporary Promotion Act of July 24, 1941, 55 Stat. 603. Since May 1, 1952, plaintiff’s retired pay has been computed in accordance with the provisions of section 511 of the Career Compensation Act of 1949, 63 Stat. 802, 829, utilizing only the twenty-two years, five months and eight days of actual active service as a percentage multiplier of his active duty pay.
Plaintiff submitted a claim to the General Accounting Office seeking to have the three months and three days constructive service used in the computation under section 511, which would give him a total multiplier of twenty-two years, eight months and eleven days, and, in accordance with section 511, would be counted as twenty-three years. This claim was denied by the General Accounting Office on November 17, 1961.
The question for our determination is whether constructive service is includable as active time served to arrive at the percentage multiplier in the computation of retired pay under section 511 of the Career Compensation Act of 1949, supra. The Act provides in pertinent part as follows:
On and after October 1,1949 (1) members of the uniformed services heretofore retired for reasons other than for physical disability, (2) members heretofore transferred to the Fleet Reserve or the Fleet Marine Corps Reserve, * * * shall be entitled to receive retired pay, retirement pay, retainer pay, or equivalent pay, in the amount whichever is the greater, computed by one of the following methods: (a) The monthly retired pay, retainer pay, or equivalent pay in the amount authorized for such members and former members by provisions of law in effect on the day immediately preceding October 12, 1949, or (b) monthly retired pay, retirement pay, retainer pay, or equivalent pay equal to 2y2 per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member or former member, as determined by the Secretary concerned, and which such member, former member, or person would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable *391 to him: [emphasis supplied] Provided, That for the purpose of the computation of (b) above, fractions of one-half year or more of active service shall be counted as a whole year: * * *
The fourth proviso of section 511 states in pertinent part:
* * * That for the purposes of this section, the term “active service” as used herein shall mean all service as a member or as a former member of the uniformed services * * * while on the active list or on active duty or while participating in full-time training or other full-time duty * * *.
The question of using constructive service credit to compute years of service for longevity purposes has been before us many times, and in most instances we have held that it- is includable for this purpose, under previous acts of Congress as well as under the Career Compensation Act. However, although it has been the practice of the General Accounting Office to exclude constructive service in arriving at the percentage multiplier for fay purposes, pursuant to section 511 (b) of the Career Compensation Act, this is the first time this procedure has been judicially questioned.
Our analysis of section 511 is that Congress has provided two methods for the computation of retired pay: (a) by provisions of law in effect on the day immediately preceding the effective date of the Career Compensation Act, or (b) 2y2 percent times monthly basic pay times number of years of active service. Congress then defined “active service” to be, for the purposes of this section, “all service as a member or former member of the uniformed services while on the active list or on active duty or while participating in full-time training or other full-time duty.” Plaintiff places emphasis on “all service as a member or former member of the uniformed services,” and argues that this language does not exclude any service which is creditable under other provisions of law. He then cites the Naval Reserve Acts of 1925 and 1938, and the cases of White v. United States, 121 Ct. Cl. 1, and Johnson v. United States, 153 Ct. Cl. 593, 289 F. 2d 829, in support of his contention that he is entitled to utilize his constructive service in computing his pay thereunder, and, hence, he is entitled to do so under section 511 .of the Career Compensation Act of 1949, supra. In the *392 White case we were construing the Naval Reserve Act of 1938 in the light of the issue as to whether or not plaintiff was entitled to utilize his constructive service wnder that Aet. Section 202 of that Act provided:
For all purposes of this Act a complete enlistment during minority shall be counted as four years’ service and any enlistment terminated within three months prior to the expiration of the term of such enlistment shall be counted as the full term of service for which enlisted: * * *
Since the Act specifically provides “for all purposes of this Act,” it is obvious that plaintiff is entitled to utilize his constructive service in computing his active Federal service. This is the law that was in effect on the day immediately preceding the effective date of the Career Compensation Act, and upon the cited authority plaintiff may utilize his constructive service in computing his pay under part (a) of the Career Compensation Act. But plaintiff is basing his claim on part (b).
We think this interpretation of section 511 is erroneous. In the previous Acts, Congress specifically said constructive service was to be taken into account “for all purposes.” Not only are these words missing in part (b) of section 511, but this subsection contains a specific definition of what “active service” is to include. That service was defined as “all service as a member or former member of the uniformed services while on the active list or on active duty” [Emphasis supplied.] It says nothing about constructive service; it speaks only of service on the active list or on active duty. When an enlisted man is discharged, he is neither on the active list nor on active duty. It would seem to follow he cannot count this constructive service for fay purposes, computed under section 511 (b) of the Career Compensation Act.
In the Johnson case, supra, the issue involved the service that could be utilized in computing the “30 years of service” under the fifth proviso of section 511 of the Career Compensation Act of 1949, which provides in pertinent part as follows:
^ |. s*. c& -s g. * * *
CO ^ H 2 P CD „ <s * >-i cn * o £¿8* 5 s 1 XT H g & l-i CD gj ' S-gm 2 CD ti pj.cn • _ O *S- Hi 2. a o H *393 to the effective date of this section to the Fleet Reserve * * * shall not be entitled to have their retired pay or retainer pay computed on the basis of the highest officer or warrant-officer grade held by them as authorized by this section, until they have completed 30 years of service to include the sum of their active service and their service on the retired list or in the Fleet Reserve or in the Fleet Marine Corps Reserve, as required by existing law: * * *. [Emphasis supplied in part.]
Here we held that constructive service could be utilized in computing the “30 years of service.” In this proviso, Congress indicated its intent that constructive service could be utilized in computing the 30 years of service by its use of the words “as required by existing law.” One existing law is section 202 of title 11 of the Naval Reserve Act of 1938, supra, which provides for constructive credit for enlistments terminated within three months prior to the expiration of the term of such enlistment. The utilization of constructive service in this proviso is consistent with other inactive periods specified by Congress in the computation of the “30 years of service”, to wit, service on the retired list, in the Fleet Reserve, or in the Fleet Marine Corps Reserve. But it is clear that these periods of inactive service do not meet the “active service” requirement under part (b) of section 511 of the Career Compensation Act for the purpose of the computation of retired pay.
For the reasons stated above, plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. The petition as to plaintiff No. 21, Charles Howard Leonard, will be dismissed.
It is so ordered.
Davis, Judge; Durfee, Judge; Laramore, Judge; and Jones, Chief Judge, concur.

 The Act of August 22, 1912, 37 Stat. 328, 831, provides:
“That under such regulations as the Secretary of the Navy may prescribe, with the approval of the President, any enlisted man may be discharged at any time within three months before the expiration of his term of enlistment or extended enlistment without prejudice to any right, privilege, or benefit that he would have received, except pay and allowances for the unexpired period not served, or to which he would thereafter become entitled, had he served his fuU term of enlistment or extended enlistment: * »