Thomas Francis **CALLAHAN**
v.
The **UNITED STATES.**
No. 349-62.

United States Court of Claims.
Feb. 14, 1964.
Rehearing Denied May 15, 1964.

Thomas M. Gittings, Washington, D. C., for plaintiff. Fred W. Shields, Alexandria, Va., and King & King, Washington, D. C., were on the brief.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before JONES, Chief Judge and WHITAKER, LARAMORE, DURFEE, and DAVIS, JJ.

JONES, Chief Judge.

Plaintiff, a former member of the Fleet Reserve of the United States Navy subsequently transferred to the Retired List, sues for those additional sums in retirement pay which he would have received from the time 6 years preceding filing of this action had he been credited with certain periods of constructive service for the purpose of determining his longevity increase. These periods, totaling 11 months and 2 days, have been properly credited for transfer purposes, i. e., in determining plaintiff's eligibility for transfer to the Fleet Reserve. The question here concerns the necessity under the governing statutes of crediting them for pay purposes, i. e., in the computation of time served in determining the appropriate longevity increase.

The facts are these: The plaintiff, while still a minor, first enlisted in the United States Navy for a term of 4 years on March 24, 1919. Upon attaining 21 years of age, the plaintiff was discharged from this minority enlistment on June 10, 1922, having performed 3 years, 2 months, and 13 days of active service.[1]

---

1. The plaintiff lost 4 days during this enlistment due to absence over leave.

The plaintiff next enlisted on July 28, 1922, and served until June 8, 1927, when he was discharged for the convenience of the Government within 3 months of the normal expiration date of his enlistment, having performed 4 years, 10 months, and 9 days of active service on his 5-year enlistment.[2]

On August 8, 1927, the plaintiff entered into a third enlistment, and served until August 7, 1933, when he was again discharged, having completed the full term of his 6-year enlistment. Thereafter, on August 9, 1933, the plaintiff once again reenlisted, and served continuously for a period of 5 years, 4 months, and 7 days, until December 15, 1938, when he was transferred to Class F–4–D of the Fleet Reserve of the United States Navy in his permanent enlisted rating of chief petty officer. At the time of his transfer to the Fleet Reserve the plaintiff was credited with 20 years, 4 months, and 1 day of naval service, for transfer purposes, including credit for the periods of constructive service resulting from his first two enlistments. However, the plaintiff's service *for retainer pay purposes was computed on the basis of his actual day-for-day service, which totaled only 19 years, 4 months, and 29 days*.[3]

Pursuant to Executive Proclamation 2352, 4 F.R. 3581, and Executive Order 8245, 4 F.R. 3863, which were issued on September 8, 1939, the plaintiff, on October 12, 1940, was recalled to active duty for the period of national emergency. After serving a period of only 1 month and 18 days, the plaintiff was released to inactive duty because of a physical disability not incurred in the line of duty which rendered him unfit to perform the duties of his rating at sea. Effective December 1, 1940, the plaintiff was transferred to the retired list of the Regular Navy pursuant to the provisions of section 206 of the Naval Reserve Act of June 25, 1938, 52 Stat. 1175, 1179–1180. On March 4, 1942, the plaintiff was again recalled to active duty. However, on May 30, 1942, the plaintiff was declared not physically qualified for mobilization ashore, and was again released to inactive duty, having performed an additional period of 2 months and 27 days of active service.

The plaintiff has been credited with only his actual day-for-day service, being 19 years, 9 months, and 14 days, in the computation of his retired pay. If credited with the 9 months and 13 days of constructive service resulting from his minority enlistment, and the 1 month and 19 days of constructive service resulting from the termination of his second enlistment 3 months before its normal expiration, the plaintiff would be entitled to receive as part of his retired pay a longevity increase based on credit for 20 years, 8 months, and 16 days of naval service.

On August 6, 1962, the plaintiff submitted a claim to the General Accounting Office for the increased retired pay resulting from credit for his periods of constructive service, as provided for in section 202 of the Naval Reserve Act of 1938, supra. This claim was denied on October 1, 1962, whereupon this suit was filed on October 31, 1962.

The single issue posed is this: Should periods of constructive service, as defined by section 202 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1178 be credited in determining the longevity increase component of retainer and retired pay?

We hold that it should be so credited.[4]

---

2. The plaintiff lost 2 days during this enlistment due to absence over leave.

3. These figures are exclusive of the service lost due to absences over leave.

4. Plaintiff cites a number of cases, including White v. United States, 121 Ct.Cl. 1 (1951); Johnson v. United States, 289 F.2d 829, 153 Ct.Cl. 593 (1961); Bailey, et al. (Leonard, No. 21) v. United States, Ct.Cl. No. 505–59, decided July 18, 1962.

The defendant discusses the above cases and cites others, including Aflague, et al. (Greaves, No. 14) v. United States, Ct. Cl., 298 F.2d 446; Bailey v. United States, 146 F.Supp. 843, 134 Ct.Cl. 471 (1956).

None of the cases cited by either party, while persuasive, is completely apposite, unless it be the Bailey case, supra, cited by plaintiff.

■ Section 202 of the 1938 Act [5] defines constructive service "for all purposes of this Act":

"For all purposes of this Act a complete enlistment during minority shall be counted as four years' service and any enlistment terminated within three months prior to the expiration of the term of such enlistment shall be counted as the full term of service for which enlisted: * * *."

Section 203 establishes the formula for retainer pay to be received by persons transferred to the Fleet Reserve, in addition to setting the test of eligibility for such transfer:

"Men serving in the Regular Navy * * * shall be entitled to be transferred to the Fleet Reserve on the completion of sixteen or more years' naval service, and when so transferred shall, except when on active duty, be entitled to receive * * * if they have had twenty or more years' naval service, pay at the rate of one-half of the base pay they were receiving at the time of transfer, plus all permanent additions thereto: * * *."

The Pay Readjustment Act of 1942 (56 Stat. 359, 363) which provided for the longevity increase (one of the "permanent additions") makes no explicit reference to constructive service. Section 202 of the Naval Reserve Act of 1938, supra, however, does expressly address itself to constructive service, providing that credit therefor be given "[f]or all purposes of this Act". And that same Act provides, in section 203, that persons transferred to the Fleet Reserve shall receive the appropriate percentage of the base pay plus all permanent additions thereto.

■ The Naval Reserve Act of 1938 is, therefore, a retainer pay statute, inasmuch as and to the extent that it establishes the pay formula for transferees to the Fleet Reserve. To be sure, to ascertain what those permanent additions are we must look elsewhere; in the case of the longevity increase, a permanent addition, we must look to the Pay Readjustment Act of 1942.

But the effect here of section 9 of that Act, enacted 4 years after the Naval Reserve Act and in effect incorporating its provisions concerning constructive service with respect to transferees to the Fleet Reserve, is merely to provide the rates of pay (including the rate of the longevity increase) to be inserted in the retirement pay formula set forth in the Naval Reserve Act.

■ Thus, constructive service is includable in that active Federal service upon which persons transferred to the Fleet Reserve under the 1938 Act may calculate the longevity increase.

Accordingly, plaintiff is entitled to the appropriate longevity increase for 20 years, 8 months, and 16 days of Federal service.

■ Plaintiff's motion for summary judgment is granted, and judgment is entered for additional sums in retired pay due from October 31, 1956.[6] Defendant's cross-motion is denied. The amount of recovery will be determined pursuant to Rule 38(c).

5. It is the 1938 Act which is controlling here, and not the superseding provisions enacted in 1956 and now in effect in 10 U.S.C. § 6330. Section 511 of the Career Compensation Act of 1949, 63 Stat. 802, 829, under which plaintiff seeks recovery, provides that the retired pay of persons theretofore transferred to the Fleet Reserve shall, under method (a), be computed "by provisions of law in effect on the day immediately preceding" October 12, 1949, the effective date of the Career Compensation Act.

The background pattern of the 1938 Act is revealed in the Naval Appropriations Act of August 29, 1916, ch. 417, 39 Stat. 556, 590; and in section 26 of the Naval Reserve Act of February 28, 1925, 43 Stat. 1080, 1087, 1088.

6. This is a continuing claim case and plaintiff's recovery is limited to the period beginning 6 years prior to the filing of the petition. Friedman v. United States, Ct.Cl., 310 F.2d 381 (1962), cert. denied, Lipp v. United States, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691; Mistretta v. United States, 120 F.Supp. 264, 128 Ct.Cl. 41 (1954).