## HARRINGTON v. UNITED STATES.
### No. 49057.

United States Court of Claims.

Decided June 3, 1952.

———♦———

Burr Tracy Ansell, Washington, D. C., (Ansell & Ansell, Washington, D. C., were on the briefs), for the plaintiff.

Francis X. Daly, Boston, Mass., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff was retired on December 31, 1938, as a lieutenant colonel in the Dental Corps of the United States Army. About two and one-half years later, on June 14, 1941, he was recalled to active duty. He was released therefrom on September 20, 1946, and reverted to inactive status on the retired list as a lieutenant colonel.

On February 22, 1946, he had completed 26 years' active service. This, he says, entitled him to promotion to the rank of colonel and to the pay and allowances of that rank. He relies on section 10 of the National Defense Act of June 3, 1916, 39 Stat. 166, 171, as amended by the Act of June 4, 1920, 41 Stat. 759, 766–767, 10 U.S. CA. § 126, and on section 127a of the National Defense Act of June 3, 1916, as added by section 51 of the Act of June 4, 1920, 41 Stat. 759, 785–786, 10 U.S.C.A. § 1011.

Section 10 of the National Defense Act, referred to above, provides for the promotion of dental officers to the grade of colonel after 26 years' service.

Section 127a of said National Defense Act, as amended, provides:

"Hereafter any retired officer, who has been or shall be detailed on active duty, shall receive the rank, pay, and allowances of the grade, not above that of colonel, that he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed to active duty since his retirement."

Under this section plaintiff would be entitled to what he claims.

The controversy in the case arises out of the provisions of section 17 of the Act of June 10, 1922, 42 Stat. 625, 632, 10 U.S. C.A. § 1012, and of section 19 of the Act of June 16, 1942, 56 Stat. 359, 369.

Section 17 of the Act of June 10, 1922 provided:

"Active duty performed after June 30, 1922, by an officer on the retired list or its equivalent shall not entitle such officer to promotion."

 So far as officers such as plaintiff were concerned, this was clearly inconsistent with section 127a of the National Defense Act of 1916, as amended, and thereby impliedly worked its repeal. Together with section 22 of the 1922 Act, 42 Stat. 625, 632, 633, 37 U.S.C.A. § 31, it expressly repealed section 127a of the 1916 Act, as amended. Section 22 provided:

"That the provisions of this Act shall be effective beginning July 1, 1922, and all laws and parts of laws which are inconsistent herewith or in conflict with the provisions hereof are hereby repealed as of that date."

This would seem to defeat plaintiff's claim; but plaintiff says it does not, because the Act of 1922, which repealed section 127a of the National Defense Act, as amended, was itself repealed by section 19 of the Act of June 16, 1942, 56 Stat. 359, 369.

Under the common law, the repeal of a repealing statute revives the Act first repealed, but R.S. § 12, U.S.C., Title 1, section 28, provides:

"Whenever an Act is repealed, which repealed a former Act, such former Act shall not thereby be revived, unless it shall be expressly so provided."

There is no such express provision. See Bender v. United States, 3 Cir., 93 F.2d 814.

 This seems to us determinative of the case. Section 127a of the National Defense Act, having been repealed by the Act of June 10, 1922, was not revived by the repeal of the Act of June 10, 1922. Plaintiff is not entitled to be advanced to the grade of colonel except under the provisions of section 127a of the National Defense Act of 1916, as amended. He is, therefore, not entitled to promotion to the grade of colonel and to the pay and allowances of that rank.

We have carefully considered plaintiff's argument to the contrary, but find it untenable. Plaintiff's petition will be dismissed.

JONES, C. J., and HOWELL, MADDEN and LITTLETON, JJ., concur.