Laramore, Judge,
delivered the opinion of the court:
These are suits by nine plaintiffs, commissioned officers of the Eegular Army whose military services began prior to November 12, 1918, and who were retired for physical disability. After some years on the retired list, they were recalled to active duty for varying periods and later again retired. Plaintiffs now seek to recover under the Career Compensation Act of 1949, 63 Stat. 802, the difference between the disability retired pay computed with longevity credit for inactive service on the retired list and the retirement benefits which they have been paid, computed without such longevity credit.
The cases arise on cross-motions for summary judgment and present three questions: (1) whether plaintiffs are entitled to credit for inactive service on the retired list prior to recall to active duty; (2) whether plaintiff James B. Harrington’s claim is res judicata under the decision of this court in Harrington v. United States, 122 C. Cls. 456; and (3) whether plaintiff Earl Everett Cox failed to make a timely election to qualify for disability retirement pay pursuant to section 411 of the Career Compensation Act, supra.
Although there are some individual factual variances involved in the nine cases presented herein, plaintiffs and defendant have agreed that the first issue can be fairly presented on the facts applying in the case of Cyril A. Phelan, No. 50-57. The facts applying to plaintiff Cyril A. Phelan are these: Plaintiff Phelan accepted an appointment as second lieutenant, Coast Artillery Corps, United States Army, June 12, 1912, and served as a commissioned officer of the Eegular Army until December 31, 1922, when he was retired in the grade of a major for physical disability incurred in the line of duty. He was recalled to active duty in the Army on August 1, 1940, and served thereafter until November 11, 1945, when he was returned to inactive status on the Eegular Army retired list. At this time plaintiff was serving in the grade of lieutenant colonel, having been promoted to this grade effective February 1, 1942. He was advanced to lieutenant colonel on the retired list effective June 29,1948.
*221 ■ On November 11, 1945, plaintiff Phelan was in receipt of the active duty pay of a lieutenant colonel with over 30 years’ service. On March 3, 1953, he elected under section 411 of the Career Compensation Act to receive disability retirement pay as prescribed in title IV of said act based upon 100 percent disability. His retirement pay under the Career Compensation Act has been computed on the basis of 75 percent of the basic pay of a lieutenant colonel with over 18 but less than 22 years of service. He has been paid at such rate from October 1,1949.
Plaintiff Phelan and all other plaintiffs have received no credit, in the computation of their retirement pay, for their years of inactive service on the Army retired list. This suit results.
The question as to whether plaintiffs are entitled to credit for the years spent on the retired list in the computation of disability retirement pay under the Career Compensation Act has been three times decided by this court. Bailey v. United States, 134 C. Cls. 471; Travis v. United States, 137 C. Cls. 148; Seliga v. United States, 137 C. Cls. 710. In those cases we held that section 402(d) permitted an officer upon his re-retirement to use as a factor in computing his disability retirement pay a longevity element based in part on his years of retired service. In all material respects the instant claims are identical to those in the cited cases, to which we now adhere.
The second question presented is whether plaintiff James B. Harrington’s claim is barred under the doctrine of res judicata because of this court’s decision in Harrington v. United States, supra.
The court held adversely to plaintiff in the former action cited above. However, plaintiff’s former petition was filed prior to the passage of the Career Compensation Act although the decision was not rendered until after its passage. No mention was made of the Career Compensation Act, and judgment was rendered under an entirely different act and upon a different cause of action. All of plaintiff’s rights now claimed stem from the Career Compensation Act which created new and different rights and we believe in this situ *222 ation the doctrine of res judicata is inapplicable and does not stand as a bar to this action.
The third question presented is whether plaintiff Cox may now claim rights under the Career Compensation Act.
Plaintiff Cox was advised by letter from the- Adjutant General on April 28,1950, that he qualified, under section 411 of the Career Compensation Act, for retired pay of $289.99 a month, based upon his years of active service, or $316.35 a month, based upon his percentage of disability (60%), or that in the absence of an election “within the five year period beginning 1 October 49” he would continue to receive a monthly rate of retirement pay that he was then receiving, $324.85 a month. Plaintiff did not make an election and therefore continued to receive his disability retirement pay at the monthly rate he was then receiving.
Defendant argues that since Cox did not elect he may not now claim the benefits of the Career Compensation Act.
Plaintiff argues that he ignored the notice of election under the provisions of section 411, and that it was entirely proper for him to do so since none of the elections offered him were correctly computed. In this respect plaintiff says he should have been offered elections based upon active duty pay of a colonel with over 30 years’ service and that he was offered elections computed on the basic pay of a lieutenant colonel with 21 years of service. Plaintiff’s contentions are the same as those contended for by plaintiff in Travis v. United States, supra. A full discussion of this issue is set forth in relation to the second claim urged by Travis,[1] wherein the court held:
* * * His election to refuse to take retired pay offered him in the letter from the Adjutant General in an amount not authorized by section 411, did not amount to an election to refuse to accept the benefits actually authorized and required by that section of the 1949 Act.
Hence, plaintiff is not bound by his election to receive retired pay computed under the old law and may now claim the benefits of the Career Compensation Act for the same reasons heretofore applied to the other plaintiffs.
*223 It follows that all plaintiffs in this consolidated suit are entitled to recover. Accordingly, plaintiffs’ motions for summary judgment are granted and defendant’s cross-motions are denied.
The amounts of recovery will be determined pursuant to Rule 38(c).
It is so ordered.
Littleton, Judge {Ret.); Madden, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.
In accordance with the opinion of the court and on memorandum reports of the commissioners as to the amounts due thereunder, it was ordered on September 4, 1959, that judgment for the plaintiffs be entered in the following amounts:

 While the writer of this opinion dissented in the Travis case, he is now of the opinion that the dissent was in error and now adheres to the opinion of Judges Littleton and Madden.