George W. BAILEY, Jr.
v.
The UNITED STATES.
No. 51-55.

United States Court of Claims.
March 6, 1956.

Thomas H. King, Washington, D. C., for plaintiff. F. O. Willenbucher, Washington, D. C., was on the briefs.

Alfred J. Kovell, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a retired Army officer who was recalled to active duty, and who reverted to a retired status in 1946, seeks to recover, for the period from October 1, 1949 to date, the difference between retired pay computed with credit for his service on the retired list before his recall to active duty and the retirement benefits which he has been paid, computed without such credit.

The question presented is whether plaintiff is entitled to credit, in the computation of his retired pay under the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 231 et seq., the time that he was on the retired list between his two periods of active duty, or only for his periods of active service.

Plaintiff enlisted in the Army on June 24, 1916, and was on active duty until November 2, 1916. On July 2, 1920, he was commissioned a second lieutenant and served continuously on active duty until March 31, 1937, at which time he was retired because of physical disability with the rank of captain. On January 1, 1943, plaintiff was recalled to active service in the grade of captain. He served until July 10, 1946, receiving temporary successive promotions to the grade of colonel, at which time he reverted to a retired status in the grade of lieutenant colonel, it having been determined that he incurred additional physical disability not less than 30 percent permanent incident to service while on active duty in the latter temporary grade.

Plaintiff's total active service at the time of his last retirement on July 10, 1946, amounted to over 21 years. Under applicable law he began to receive the retired pay of a lieutenant colonel with over 21 years' service, i. e., crediting him only with active service. Pursuant to section 411 of the Career Compensation Act of 1949, supra, members of the uniformed services theretofore retired for physical disability are given the option of receiving (a) disability retired pay based on the percentage of physical disability incurred, (b) retired pay or disability retired pay based on two and one-half percent of the active duty pay of the highest grade or rank attained and in which satisfactory service was rendered, multiplied by the number of years of active service, or (c) the retired pay provided under the law in effect on the day immediately preceding October 12, 1949. Plaintiff elected option (a) which under the computation of the defendant amounted to $369.08 per month.

By certificate of settlement of the General Accounting Office, dated February 3, 1953, plaintiff's retired pay for the period since his last retirement (in 1946) up to the effective date of the Career Compensation Act of 1949, supra, was adjusted to allow him credit for the period of retirement intervening between his initial retirement and his recall to active duty in 1943. With this credit his retired pay was based on that of a lieutenant colonel with over 27 years of service. In this certificate plaintiff was also advised that, as he had elected to have his retired pay, since the effective date

of the Career Compensation Act, supra, computed on the basis of that act and the formula therein provided, credit could not be given for this same period of retirement, after such effective date, as section 202(b) specifically prohibited credit for such service in the computation of retired pay. Denial of this credit is the subject of this action.

The case arises on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

Plaintiff elected under the provisions of section 411(A) of the Career Compensation Act, supra, to qualify for disability retirement under the 1949 act.

The issue then, simply stated, is whether an Army officer recalled from retirement into active duty shall have credit in the computation of his retired pay, when he again reverts to a retired status, not only for his active service subsequent to his initial retirement, but also for his first period of retirement. Plaintiff alleges that he received such credit before the effective date of the Career Compensation Act, supra, but has been denied it since that time. He cites for his entitlement to it section 202(a) (6) of the aforementioned act, wherein it is stated:

"Service Creditable in Computation of Basic Pay

"Sec. 202. (a) Subject to the provisions of subsections (b), (c), and (d) of this section, in computing the cumulative years of service to be counted by members of the uniformed services for determining the amount of basic pay they are entitled to receive upon completion of such years of service, such members shall be credited with—

*   *   *   *   *   *

"(6) all service which, under any provision of law in effect on the effective date of this section is authorized to be credited for the purpose of computing longevity pay."

Defendant admits that plaintiff did receive the disputed credit for the purpose of computing his retirement pay according to his allegation. However, defendant says the subsection of the act which plaintiff cites for present entitlement to it is expressly qualified by a reference to the restriction imposed by paragraph (b) of the same section. Paragraph (b) provides:

"Members of the uniformed services shall accrue additional service credit for basic pay purposes, for periods while on * * * a retired list of any of the uniformed services, * * *: Provided, That, except for active service as prescribed in section 202(a) (1), the service credit authorized in this section shall not be included to increase retired pay, disability retirement pay, retirement pay, * * * except as provided in title IV of this Act."

Plaintiff says there is nothing in title IV that takes away his entitlement to have his pay computed taking into consideration periods of all active service and retirement. On the other hand, defendant says there must be something in title IV to specifically give plaintiff the benefits he asks for and if nothing is contained in the act, his entitlement to count time retired is taken away by paragraph (b) of section 202.

Title IV contains a provision for disability retired pay based on years of service (multiplied by two and one-half) and in computing the number of years as a multiplier it seems to be conceded he cannot count retired service. However, when he uses the percentage of disability as the basis for his retirement pay, plaintiff contends that he is entitled to apply that percentage against a basic pay, computed by counting the retired service in the same manner that the retired service is counted when he is entitled to active duty pay. This contention seems to us to be correct and the Government has not met this argument.

Section 402(d) of the Career Compensation Act, supra, establishes the basis for disability retirement in cases of those so retired after the enactment of that

act. Section 402(d) provides in pertinent part, as follows:

"A member of the uniformed services whose name is placed upon the temporary disability retired list of his service pursuant to subsections (a), (b), or (c) of this section, for the period during which his name is carried on such temporary disability retired list, but in no event to exceed a period of five years, or a member of the uniformed services who is retired pursuant to the provisions of this title, shall be entitled to receive disability retirement pay computed, at his election, by multiplying an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time of the placement of his name on the temporary disability retired list or at the time of his retirement, whichever is earlier, by (1) a number equal to the number of years of active service to which such member is entitled under the provisions of section 412 of this title, multiplied by 2½ per centum, or (2) the percentage of his physical disability as of the time his name was placed on the temporary disability retired list or at the time of retirement, whichever is earlier: *Provided,* That for the purpose of the computation of (1) above, fractions of one-half year or more of active service shall be counted as a whole year: * * *."

One of the elections is to have his retirement pay computed by multiplying an amount equal to the monthly basic pay by the percentage of physical disability. This leaves indefinite which monthly basic pay against which this percentage is to be applied. However, the next proviso in section 402(d) is as follows:

"*Provided further,* That the disability retirement pay of any such member who shall have held a temporary rank, grade, or rating higher than the rank, grade, or rating held by him at the time of placement of his name upon the temporary disability retired list or at the time of his retirement, whichever is earlier, and who shall have served satisfactorily in such higher rank, grade, or rating as determined by the Secretary concerned, shall be computed on the basis of the monthly basic pay of such higher rank, grade, or rating to which he would have been entitled had he been serving on active duty in such higher rank, grade, or rating at the time of placement of his name on the temporary disability retired list or at the time of retirement, whichever is earlier: * * *."

This provision seems to have been established to provide that those who had served satisfactorily at a higher grade, should have their disability retirement pay computed on such higher grade, and by stating that such shall be based on the monthly basic pay to which he would be entitled if serving on active duty, seems to establish that that basis was intended by Congress to be the basis for normal disability retirement when based on percentage of disability. Such an interpretation is consistent with section 202(b), particularly the proviso therein which says that the "service credit" shall not be included to increase retired pay "except as provided in title IV."

If an officer elects to have his retirement pay computed on the years of service, it is clear that title IV would not permit him to include years of retired service, since it expressly says "a number [of years] equal to the number of years of active service." But the preceding language of section 402(d) which allows him to use as a factor "an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time" of his second retirement, would seem to refer to the actual pay he was receiving, which pay in fact included a longevity element based in part on his years of retired service. This basic pay would seem to be the right factor, whether the other factor is (1) the years of active service or (2) the percentage of disability. Because of the "except as provided in title IV of this Act" clause, there must

be something in title IV that gives some benefit for such service so far as retired pay is concerned. The only benefit he could get from title IV is to count the retired service for the purpose of computing the base against which the percentage is to be applied.

If he is computing his retired pay on percentage of disability under title IV, he computes it on the basis of his basic pay, and it is conceded that in computing basic pay for active service one would count time spent in retirement. Thus, when plaintiff computes his pay upon percentage of disability, he is entitled to compute it upon the basic pay he would receive if on active service.

Plaintiff is entitled to recover.

Plaintiff's motion for summary judgment is sustained, and defendant's motion for summary judgment is denied. Judgment will be entered accordingly. The amount of recovery will be determined pursuant to rule 38(c) of the Rules of this court, 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.