Martin E. SELIGA

v.

The UNITED STATES.

No. 36-55.

United States Court of Claims.
March 6, 1957.

Calvin H. Childress, Washington, D. C., for plaintiff. Fred W. Shields, Washington, D. C., was on the briefs.

Philip W. Lowry, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff, a retired chief petty officer of the United States Navy, sues to recover the difference between the disability retired pay of a chief petty officer credited with 21 years' service, and the disability retired pay of a chief petty officer credited with more than 29 years' service, from October 1, 1949, to date of judgment. Plaintiff bases his claim on section 411 and section 402(d) of the Career Compensation Act of October 1949, 63 Stat. 802, 37 U.S.C.A. §§ 284, 272(d).

The following facts are not in dispute. After serving successive terms of enlistment in the United States Navy, plaintiff was transferred to the Fleet Naval Reserve in May 1932, being credited with over 16 years' active service for transfer purposes. Plaintiff remained in the Fleet Reserve until October 12, 1940, during which time he was entitled to retainer pay under the provisions of the Act of February 28, 1925, 43 Stat. 1080, and the Naval Reserve Act of 1938, 52 Stat. 1175, as amended. On October 12, 1940, plaintiff was recalled to active duty and served thereon until October 25, 1945, at which time he was placed on the retired list, with the rating of chief quartermaster, because of physical disability incurred during his active duty after recall. Plaintiff's physical disability was then and is now rated at 100 percent. At the time of his retirement for physical disability in October 1945, plaintiff was receiving the monthly active duty pay of a chief quartermaster with more than 29 years' service. At the time of his retirement in 1945, plaintiff's disability retired pay was computed on the basis of his 21 years of active service with no credit allowed for his more than 8 years in the Fleet Reserve. Plaintiff does not contend that his disability retired pay for the period from October 25, 1945 to October 1, 1949 was not properly computed. He does contend, however, that under the provisions of the Career Compensation Act of 1949, supra, he became entitled to increased disability retired pay computed on the basis of both his active and Fleet Reserve service, totaling more than 29 years.

In July 1951, the Department of the Navy wrote to plaintiff advising him of his right to elect to qualify for retirement pay benefits under the Career Compensation Act of 1949, section 402. The letter stated that in accordance with section 411 of the 1949 Act and pursuant to regulations thereunder prescribed by the President, the Secretary of the Navy has determined plaintiff's percentage of disability to be 100 percent, his years of active service to be 21, and his highest rating satisfactorily held for retirement pay purposes to be that of chief quartermaster. The letter advised plaintiff that under the Career Compensation Act of 1949 he was entitled to receive, at his election, retired pay computed by any one of three methods. The letter then set forth the three methods. Method A purported to apply the provisions of sec-

tion 402(d) of the 1949 Act calling for a computation which involved multiplying an amount equal to plaintiff's monthly basic pay of the rank, grade or rating held by him at the time of his retirement for disability, by the percentage of his disability at that time not in excess of 75%. However, the computation indulged in by the Navy under the Act of 1949, did not employ an amount equal to plaintiff's monthly basic pay at the time of his retirement, which amount would have represented the monthly basic pay of a chief quartermaster with over 29 years of service, active and inactive, as provided in 402(d) of the 1949 Act, but rather it employed an amount equal to the pay of that rank with only 21 years of service, thus using only plaintiff's years of active service. The other two methods set forth in the letter resulted in lesser retired pay, computed under another portion of section 402 and under the law as it existed prior to the enactment of the 1949 Act. Plaintiff was requested by the letter to select one of the three methods set forth in such letter and he selected the first or percentage of disability method prescribed by section 402 (d) of the 1949 Act. Thereafter, plaintiff has been paid according to the method of the Navy's computation.

It is plaintiff's position that under section 411 of the Career Compensation Act, supra, he was entitled to and was in fact offered an opportunity to elect within five years of the effective date of that Act, October 1, 1949, to qualify for disability retirement pay under the provisions of that Act and to receive the pay provided for in Title IV thereof, 37 U.S. C.A. § 271 et seq., or to receive the retired pay provided for in section 511 of the same Act, 37 U.S.C.A. § 311. Plaintiff states that he did elect to qualify for the disability retirement pay provided for in section 402(d) of the 1949 Act on the percentage of disability method prescribed therein, but that in computing the disability retired pay to which plaintiff was legally entitled thereunder, the Navy erroneously and illegally failed to multiply his allowable 75% disability by the amount of the actual monthly basic pay of plaintiff at the time of his retirement (75% x monthly basic pay) as required by section 402(d) (2), that is, the monthly basic pay of a chief petty officer with more than 29 years' service, but instead, the Navy multiplied the 75% disability by an amount equal to less than plaintiff's actual monthly basic pay at the time of retirement, i. e., an amount equal to the monthly basic pay of a chief petty officer with only 21 years' service. Under the above facts, as to which there is no material issue, and under a proper application of the law, plaintiff urges that he is entitled to recover and has moved for summary judgment.

Defendant resists plaintiff's motion for summary judgment and moves for judgment on the pleadings dismissing the petition on several grounds: (1) that although under section 202(b) of the Career Compensation Act of 1949, 37 U.S. C.A. § 233(b), plaintiff's basic pay at the time of his retirement in 1945 was based on his 21 years' active duty and his more than 8 years' service in the Fleet Reserve, or a total of more than 29 years' service, that same section of the 1949 Act prohibits the use of inactive service credit (allowed for basic pay purposes) for the purpose of increasing his disability retirement pay, despite the specific exception from that prohibition stated in the Act itself in connection with Title IV of the Act; (2) that in any event, even if the exception noted in connection with Title IV does permit the computation of disability retired pay thereunder on the basis of both active and inactive service, section 402(d) of the Act is prospective only in its operation, citing Travis v. United States, No. 5–53, decided March 6, 1956; and (3) that because plaintiff made a definite election on August 7, 1951 "to count only 21 years of active service", and for a time acquiesced in the payment of such erroneous amount, he is bound by such election and estopped from claiming the amount of disability retired pay required

by the statute, on the principles of contract law.

We direct attention first to the effect on plaintiff's claim of section 202 of the Career Compensation Act. Subsection (a) thereof provides that in computing years of service to be counted by members of the uniformed services for determining the amount of their basic pay which they are entitled to receive upon completion of such years of service, such members shall be credited with *all* service which, under any provision of law in effect on the effective date of that section is authorized to be credited for the purpose of computing longevity pay. Subsection (b) provides that members of the uniformed services shall accrue additional service (longevity) credit for basic pay purposes *for periods while authorized to receive retainer pay as a member of the Fleet Reserve.* Accordingly, at the time of plaintiff's retirement, his active duty pay was based on both his 21 years' active duty time and his more than 8 years' service in the Fleet Reserve, during which latter period he had been entitled to receive retainer pay. Subsection (b) also contains the following proviso:

"*Provided,* That, except for active service as prescribed in section 202 (a) (1), the service credit authorized in this section shall not be included to increase retired pay, disability retirement pay, retirement pay, or retainer pay while on a retired list, on a temporary disability retired list, in a retired status, or in the Fleet Reserve or Fleet Marine Corps Reserve, *except as provided in title IV of this Act.*" [Italics supplied.]

■ It is plaintiff's contention that section 402(d) of Title IV of the 1949 Act permits the inclusion of both active and inactive service credit allowed by section 202 in the computation of his disability retired pay under one of the alternative methods provided for in section 402(d). This same issue was raised in the case of Bailey v. United States, 146 F.Supp. 843, 134 Ct.Cl. 471. In that case we held that the language of section 402 (d), which allows a member of the uniformed services recalled to active duty and retired a second time for physical disability to use as a factor in computing his disability retired pay "an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time" of his second retirement, has reference to the actual pay such member was receiving at that time, which actual pay included *a longevity element* based in part on years of inactive service. The court pointed out that unless that was so, the specific exception noted above in section 202(b) would have no meaning. Accordingly, we hold, as we did in the Bailey case, that if plaintiff is entitled to have his disability retired pay computed under the "percentage of disability" method prescribed in section 402(d) of Title IV of the 1949 Act, the basic pay factor to be used in that computation must include credit for plaintiff's more than 8 years' service in the Fleet Reserve as well as his more than 21 years of active service.

■ Defendant's contention that the language of section 402(d) of the 1949 Act is prospective only and therefore not applicable to a member of the uniformed services, such as plaintiff, who was retired prior to the passage of the Act, was disposed of in our decision in the case of Travis v. United States, Ct.Cl., 146 F.Supp. 847.[1] In the Travis case, the court held that although the language of section 402 of the 1949 Act is prospective, section 411 of that same Act specifically permits persons retired for disability *prior* to the effective date of the Act the right to elect to qualify for the benefits of the 1949 Act and to

---

1. In the decision of December 5, 1956, the court granted plaintiff's motion for a new trial, vacated the court's previous decision and judgment relied on herein by defendant, and granted plaintiff's motion for summary judgment on both claims asserted, one of which was similar to the one involved in the instant case.

receive the pay provided for in either Title IV (the disability retirement pay title) or in section 511 of Title V (non-disability retirement). Accordingly, we hold that this plaintiff was entitled to elect to qualify for the disability retirement pay prescribed by the 1949 Act and to receive the pay provided for in Title IV.

 With respect to defendant's argument that plaintiff's election to receive disability retired pay under the 1949 Act *but in an amount less than required by that Act*, and his acquiescence in accepting without protest for a time such erroneously computed pay, estops plaintiff from now claiming disability retired pay computed in strict accordance with the provisions of that Act, we note that defendant's authority is derived from principles sometimes applied in contract law. A similar contention was made in the Travis case supra, and the court held that Travis was not bound by his election to take less than the 1949 Act provided he be paid. The facts relative to election are somewhat different in the instant case than in the Travis case. In the Travis case Travis indicated his election to continue to receive disability retired pay under laws in effect at the time of the passage of the Career Compensation Act rather than under that Act, because the Army's computation of the pay he would receive under the 1949 Act was erroneously shown at the time to be less than the pay he was then receiving under existing law. In the instant case plaintiff indicated his election to have his retired pay computed under the provisions of the 1949 Act and specifically under section 402(d) therein, i. e., the percentage of disability method. Plaintiff herein does not seek to withdraw from that election. However, the disability retired pay which the Navy advised plaintiff he was entitled to under the method so elected, erroneously failed to include as a factor in the computation thereof plaintiff's more than 29 years of active and inactive service, and instead included only plaintiff's 21 years of active service. It is defendant's position that not only is plaintiff bound by his election to qualify for disability retired pay under section 402(d) of the 1949 Act, but that he is also bound to continue receiving the amount erroneously and illegally computed by the Navy in its offer-of-election letter of July 13, 1951, i. e., that plaintiff is bound by his "election" to count only 21 years of service in the computation of his disability retired pay under section 402(d) of the 1949 Act.

The only election which plaintiff was required to make under section 411 of the 1949 Act was an election "to qualify for disability retirement pay under the provisions of this Act" and to receive the disability retirement pay computed as provided in Title IV of the Act or the retirement pay computed as provided in Title V, section 511 of that Act. Plaintiff *did* elect to qualify for disability retirement pay under the 1949 Act and to receive the disability retirement pay computed as provided in section 402(d) of that Act under the percentage of disability method. The *factors* which entered into the computation of the retired pay which plaintiff elected to qualify for and to receive, such as the number of years of service which should be included in determining his basic pay on the date of his retirement, were not subject to the election of plaintiff, but were subject to the provisions of the statute itself. Once plaintiff elected to qualify for and did qualify for the disability retirement pay provided for under the percentage of disability method in section 402(d) of the 1949 Act, the Navy was without authority to compute his disability retired pay in any manner other than that required by the Act. To hold otherwise would be to say that the head of an executive department may fix the amount of retired pay rather than Congress.

Finally, this is not a contract case and principles of acquiescence and estoppel applicable to contract situations are not applicable where the Government is under a statutory obligation to pay a specified amount. Glavey v. United States, 182 U.S. 595, 21 S.Ct. 891, 45 L.Ed.

1247; United States v. Andrews, 240 U.S. 90, 36 S.Ct. 349, 60 L.Ed. 541; Farley v. United States, 125 Ct.Cl. 378.

We hold that plaintiff is not estoppel to demand the disability retired pay provided for under the percentage of disability method in section 402(d) of the 1949 Act.

Defendant's motion for judgment on the pleadings is denied. Plaintiff's motion for summary judgment is granted. The amount of recovery will be determined pursuant to Rule 38(c) of this court, 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.