LaeamoRe, Judge,
delivered the opinion of the court:
Plaintiff, a retired officer of the Regular Army, brings this action to recover the difference between the amount of retired pay received since his re-retirement on September 30, 1953, and the amount of retired pay due a colonel with 100 percent disability and over 26 and not over 30 years of service.
Neither the fact of percentage of disability nor the facts relative to plaintiff’s service are in dispute. Plaintiff served as an enlisted man in 'the Missouri National Guard from January 10, 1923, to July 11, 1923. On July 3, 1923, he was appointed a midshipman, U.S. Naval Academy, and graduated June 2, 1927. From July 13,1927, to October 1, 1927, plaintiff served as a second lieutenant, Missouri National Guard. On October 4, 1927, he accepted an appointment as second lieutenant, Corps of Engineers, U.S. Army. He entered upon active duty as a Regular officer of the Army on that date and served until October 31, 1933, when he was retired in the grade of first lieutenant for physical disability suffered in the line of duty and incident to his active service.
Plaintiff remained on the retired list until February 16, 1942, when he was recalled to active duty. He served thereafter on continuous active duty until September 30, 1953, when he was fagain retired. On the date of his re-retirement he was serving in the temporary grade of colonel and was receiving the active duty pay of an officer of that grade with over 26 and not over 30 years of service under the provisions of the Career Compensation Act of 1949, 63 Stat. 802.
On March 19, 1953, while still serving on active duty, plaintiff was offered an election under section 411 of the Career Compensation Act of 1949, supra, to receive, disability retirement pay as provided in Title IY of that Act, based upon 100 percent disability. However, the election of pay *595 offered him by the Department of the Army under section 411 was based upon the basic pay of a lieutenant colonel with over 14 but not over 16 years of service for longevity. From October 1, 1953, until May 31, 1956, plaintiff has received disability retired pay at the rate of 75 percent of the basic pay of a lieutenant colonel with over 18 but not over 22 years of service. From June 1, 1956, to the date of filing of his petition plaintiff has received disability retired pay at the rate of 75 percent of the basic pay of a colonel with over 18 but not over 22 years of active service.
Both plaintiff and defendant have filed motions for summary judgment, and the question presented is whether plaintiff is entitled as an officer retired for physical disability prior to October 1,1949, subsequently recalled to active duty and re-retired with a disability rating of 100 percent, to have his retired pay computed on the basis of 75 percent of the basic rate of active duty pay he was receiving when he was last retired. In other words, the issue is whether he can use his inactive duty on the retired list prior to his recall to active duty in the computation of his retired pay.
The resolution of the above issue depends upon an interpretation of the meaning of the various sections of the Career Compensation Act of 1949, supra.
Plaintiff bases his claim on rights which he says he acquired by virtue of Title IV of the above Act. He contends that section 402(d) of Title IV of the 1949 Act permits the inclusion of both active and inactive service credit allowed by section 202 in the computation of his disability retired pay under one of the alternative methods provided for in section 402(d).
Defendant contends that section 202(b) of the Career Compensation Act, supra, specifically provides that such time cannot be used in computing his retired pay.
Section 202 (b) provides:
Members of the uniformed services shall accrue additional service credit for basic pay purposes, for periods while on a temporary disability retired list, honorary retired list, or a retired list of any of the uniformed services, or while authorized to receive retired pay, retirement pay, or retainer pay as a member of the *596 Fleet Reserve or Fleet Marine Corps Reserve, from any of the uniformed services or from the Veterans’ Administration, or while a member of the Honorary Reserve of the Officers’ Reserve Corps or Organized Reserve Corps: Provided, That, except for active service as prescribed in section 202(a) (1), the service credit authorized in this section shall not be included to increase retired pay, disability retirement pay, retirement pay, or retainer pay while on a retired list, on a temporary disability retired list, in a retired status, or in the Fleet Reserve or Fleet Marine Corps Reserve, except as provided in title IV of this Act.
This same issue was raised in the case of Bailey v. United States, 134 Ct. Cl. 471. In that case we held that the language of section 402(d), which allows a member of the uniformed services recalled to active duty and retired a second time for physical disability to use as a factor in computing his disability retired pay “an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time” of his second retirement, has reference to the actual pay such member was receiving at that time, which actual pay included a longevity element based in part on years of inactive service. In the Bailey case, supra, the court reasoned that unless the above was so, the specific exception noted in section 202(b), supra, would have no meaning. Accordingly, we held that Bailey was entitled to have his disability retired pay computed under the “percentage of disability” method prescribed in section 402(d) of Title IV of'the 1949 Act, and that the basic pay factor to be used in that computation must include credit for plaintiff’s inactive service as well as his active service.
Defendant in its brief admits that the interpretation of section 202(b), which the court adopted in the Bailey case, supra, is within the realm of possibility, but says that its own interpretation more nearly conforms to the probable intent of Congress; i.e., that section 202(b) prevents inclusion of inactive duty time to increase his retired pay.
As we stated earlier, the precise issue was presented and decided in the case of Bailey v. United States, supra. We are not persuaded that our Bailey decision was wrong. Consequently, we hold, as we did in Bailey v. United States, *597 supra; Phelan, et al. v. United States, 146 Ct. Cl. 218; Travis v. United States, 137 Ct. Cl. 148; and Seliga v. United States, 137 Ct. Cl. 710, that plaintiff is entitled to have his disability retired pay computed under section 402(d) of Title IV of the 1949 Act, supra, and is entitled to recover the difference between the retired pay actually paid him and the retired pay of a colonel with 100 percent disability and over 26 and not over 30 years of service from October 1, 1953, the day after the date of his last retirement. Judgment will be entered to that effect.
Plaintiff’s motion for summary judgment is granted, and defendant’s motion is denied.
The amount of recovery will be determined pursuant to Rule 38 (c) of the Rules of this court.
It is so ordered.
Durfee, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on March 17,1961, that judgment for plaintiff be entered for $5,864.22.