Lawrence McC. JONES

v.

UNITED STATES.

No. 43–59.

United States Court of Claims.
March 1, 1961.

Guy Emery, Washington, D. C., for plaintiff.

Edgar H. Twine, Washington, D. C., with whom was Asst. Atty. Gen., George Cochran Doub, for defendant.

DURFEE, Judge.

This is an action to recover the difference between the retired pay of a colonel with over 26 years of service, which the plaintiff presently receives, and that of a colonel with over 30 years of service, to which he claims entitlement, for the period beginning January 1, 1953.

On May 31, 1937, after having served over 20 years as a cadet and Regular Army officer, the plaintiff was retired as a major. He was recalled to active duty on February 2, 1942, and re-retired as a colonel, Army of the United States, on July 31, 1948. On that date, he was receiving the pay and allowances of a colonel with over 30 years of service. He thereupon began receiving retired pay under the provisions of the Pay Readjustment Act of 1942, 56 Stat. 359, 37 U.S.C.A. § 101 et seq., at the rate of 75 percent of the active duty pay of a colonel with over 30 years of service.

Plaintiff has been receiving retired pay computed under the provisions of section 511 of the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 311, since October 1, 1949, which pay is the equivalent of 65 percent of the basic pay of a colonel with over 26 years of service but less than 30. He claims that the provisions of the Act as a whole entitle him to retired pay equal to 65 percent of the basic pay of a colonel with over 30 years of service. He believes that he should be given credit for the period of over four years which he spent on the retired list, in computing his retired pay since he was given credit for it in computing his last active duty pay. In other words, the longevity factor in plaintiff's retired pay now reflects only his years of active service. It is his position that this longevity factor should also reflect those years spent on the retired list between his two periods of active service.

Section 511 of the Career Compensation Act of 1949, supra, under the authority of which the plaintiff has been rceiving retired pay reads, in pertinent part, as follows:

"On and after the effective date of this section (1) members of the uniformed services heretofore retired for reasons other than physical disability * * * shall be entitled to receive retired pay * * * computed by one of the following methods * * * (b) monthly retired pay * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member or former member, as determined by the Secretary concerned, and which such member * * * would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him."

The plaintiff points out that if he were serving on active duty he would be entitled to basic pay which would recognize and include the period of over four years of retired service between tours of active duty. Section 202(b) of the

Act, 37 U.S.C.A. § 233(b), provides for this in the following language:

"Members of the uniformed services shall accrue additional service credit for basic pay purposes, for periods while on a temporary disability retired list, honorary retired list, or a retired list of any of the uniformed services, or while authorized to receive retired pay, retirement pay, or retainer pay as a member of the Fleet Reserve or Fleet Marine Corps Reserve, from any of the uniformed services or from the Veterans' Administration, or while a member of the Honorary Reserve of the Officers' Reserve Corps or Organized Reserve Corps: *Provided,* That, except for active service as prescribed in section 202 (a)(1), the service credit authorized in this section shall not be included to increase retired pay, disability retirement pay, retirement pay, or retainer pay while on a retired list, on a temporary disability retired list, in a retired status, or in the Fleet Reserve or Fleet Marine Corps Reserve, except as provided in Title IV of this Act."

Thus, the plaintiff says, since he would have received longevity credit for his time spent on the retired list if he were serving on active duty, and since active duty pay is one of the elements of retired pay, the retired pay he is presently receiving is deficient to the extent that it is based on the pay of a colonel with 26 years of service rather than 30 years of service.

The defendant points out, however, that the same section of the Act which authorizes the use of retired service in computing longevity for active duty pay also contains a provision prohibiting the use of retired service to increase retired pay except disability retired pay under Title IV of the Act, 37 U.S.C.A. § 271 et seq. The defendant's position is that the prohibition in section 202(b) is just as applicable to section 511 as if it were written into that section. The result of an integrated reading of the sections,

it says, is to indicate that an individual is allowed to use inactive service as a longevity factor to increase his basic pay while serving on active duty, but not while drawing retired pay. Although the actual active service factor in the plaintiff's retired pay can never be other than 26 years, to allow credit in the longevity factor for inactive service would clearly operate "to increase retired pay" in a manner which the Government believes is prohibited by the *proviso* of section 202(b).

The question of whether or not credit is to be given for inactive service in computing retired pay benefits under the Career Compensation Act of 1949 has arisen here before. Factually, the principal difference between this case and the cases of Bailey v. United States, 1956, 146 F.Supp. 843, 134 Ct.Cl. 471 and Seliga v. United States, 1957, 149 F.Supp. 211, 137 Ct.Cl. 710 is that those plaintiffs were seeking credit for retired or inactive service in the computation of *disability* retired pay under Title IV of the Act. Both plaintiffs based their claims for increased retired pay on sections 411 and 402(d) of the Act, 37 U.S.C.A. §§ 281, 272(d). In addition to setting forth a formula for computing retired pay similar to the one appearing in the (b) portion of section 511, section 402(d) provides for an alternative disability retired pay using the basic monthly pay being received at the time of retirement multiplied by the percentage of disability.

The court in those cases permitted the plaintiffs to include inactive service in arriving at the longevity factor of disability retired pay because of the exception written into the *proviso* of section 202(b) of the Act. In the Bailey opinion at page 477 of 134 Ct.Cl., at page 846 of 146 F.Supp. this court said:

"* * * Because of the 'except as provided in title IV of this Act' clause, there must be something in title IV that gives some benefit for such service [retired service] so far as retired pay is concerned. The only benefit he could get from title

IV is to count the retired service for the purpose of computing the base against which the percentage is to be applied."

This court referred to the Bailey holding in the Seliga opinion at page 715 of 137 Ct.Cl., at page 214 of 149 F.Supp.:

" * * * In that case we held that the language of section 402(d), which allows a member of the uniformed services recalled to active duty and retired a second time for physical disability to use as a factor in computing his disability retired pay 'an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time' of his second retirement, has reference to the actual pay such member was receiving at that time, which actual pay included *a longevity element* based in part on years of inactive service. The court pointed out that unless that was so, the specific exception noted above in section 202(b) would have no meaning."

■■■■ We think that sections 511 and 202(b), as parts of the same statute, must be construed together. This leads to the conclusion that active duty pay does indeed include credit for years of retired service, but when basic active duty pay is under consideration as an element in retired pay, the *proviso* of section 202(b) requires that the credit for retired or inactive service be eliminated. The credit for retired service is not, however, eliminated in arriving at disability retired pay because section 202(b) makes a specific exception as to retirement under Title IV.

The plaintiff has suggested a different interpretation of the language of section 202(b) which is certainly not beyond the range of reasonable construction. He says that the phrase "the service credit authorized in this section shall not be included to increase retired pay, * * while on a retired list, * * *" was intended to apply to a small group of officers disabled in World War I who were covered by legislation which per-

mitted them to accrue additional longevity credits while they were receiving disability retired pay. He understands the correct meaning of the phrase to be that credit for service on the retired list cannot be accumulated while an officer is on the retired list. He refers us to some of the testimony from the hearings on the Career Compensation Act to support this interpretation. He admits, however, that the discussions are not dispositive of the question, nor are they entirely clear. We are not aware of anything in the legislative background of the Act which would vindicate. the plaintiff's interpretation of the above-mentioned language. We believe, however, that a significant glimpse of the Congressional meaning with respect to the *proviso* of section 202(b) is found in Senate Report No. 733, 81st Cong., 1st sess. (1949). In the analysis of section 202(b) of H.R.5007, which was to become the Career Compensation Act of 1949, we find:

"(b) *Time spent on a retired list.*—Under this subsection members would accrue additional service credit for pay purposes, while on any retired list while receiving retirement pay from the Veterans' Administration, or while receiving retainer pay in the Fleet Reserve or Fleet Marine Corps Reserve, *but this additional service credit could be used only for active-duty pay. Only actual active service could be used to increase retired pay.*" Emphasis supplied.) U.S.Code Congressional Service 1949, pp. 2089, 2096.

It seems to us, from the foregoing statement, that the Congress understood section 202(b) to prohibit the inclusion of any periods of inactive service in arriving at the longevity factor in the retired pay of those officers retired for other than physical disability. Consequently, we conclude that the plaintiff is presently receiving retired pay computed in conformity with the provisions of the applicable statute which correctly recognizes him as entitled to pay based on the active duty pay of a colonel with

over 26 years but less than 30 years of service.

The plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted. The petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.