Wayne J. JOHNSON

v.

UNITED STATES.

No. 217-56.

United States Court of Claims.

May 3, 1961.

Rehearing Denied July 19, 1961.

Fred W. Shields, Washington, D. C., for plaintiff. King & King, Washington, D. C., were on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., Washington, D. C., for defendant.

MADDEN, Judge.

The plaintiff claims that his retired pay, which commenced on August 1, 1955, should have been computed from that date at a rate higher than the rate actually used in its computation, and he is suing for the difference between the higher rate, starting on that date, and the rate he actually received. The Government says that the plaintiff did not become entitled to the higher rate until August 22, 1956, which is one year and 21 days after he retired. It says that his active service, plus other service made includible by statute, plus his time on the retired

list, did not add up to 30 years until he had been on the retired list for one year and 21 days. The plaintiff says that he had the necessary thirty years of time when, on August 1, 1955, he was first placed on the retired list. Thirty years' service was important because it is required by the Career Compensation Act, 37 U.S.C.A. § 231 et seq. for entitlement to retired pay at the rate of plaintiff claims.

The plaintiff enlisted in the Navy in 1925 and, except for brief periods hereinafter discussed, was in continuous active status until 1947. During his four-year enlistment which began on April 11, 1942, he was advanced to Warrant Officer Grade, (W-2). On April 13, 1947, his warrant officer appointment terminated and he reverted to his permanent status as an enlisted man, was transferred to the Fleet Reserve, and released from active duty.

On August 3, 1955, the plaintiff was officially informed that he had been placed on the retired list of the Navy, effective August 1, 1955, by reason of having completed 30 years of service, and that he would be advanced on the retired list to the highest rank satisfactorily held by him during World War II, as determined by the Secretary of the Navy. That highest rank, as we have seen, was Warrant Officer, (W-2).

There seems to be no doubt that the plaintiff was entitled to be placed on the retired list, as he was, on August 1, 1955. For that purpose, he had 30 years' service which could be counted. The controversy is as to whether he had 30 years of the kind of service necessary under section 511 of the Career Compensation Act to make him eligible to receive retired pay computed at current rates of pay, rather than at the rates in effect prior to the enactment of the Career Compensation Act.

Section 511 of the Career Compensation Act of 1949, 63 Stat. 802, 829, provided that members of the Navy theretofore retired other than for physical disability, or theretofore transferred to the Fleet Reserve, should be entitled to receive retired or retainer pay in whichever was the greater amount computed by either of the two following methods:

"(a) The monthly retired pay, retainer pay, or equivalent pay in the amount authorized for such members and former members by provisions of law in effect on the day immediately preceding the date of enactment of this Act, or (b) monthly retired pay, retirement pay, retainer pay, or equivalent pay equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member or former member, as determined by the Secretary concerned, and which such member, former member, or person would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * *"

A proviso of section 511 states:

" * * * [Provided that] enlisted persons or former enlisted persons of the Regular Navy or Regular Marine Corps who have been transferred prior to the effective date of this section to the Fleet Reserve or the Fleet Marine Corps Reserve under the provisions of title II of the Naval Reserve Act of 1938, as amended, shall not be entitled to have their retired pay or retainer pay computed on the basis of the highest officer or warrant-officer grade held by them as authorized by this section until they have completed thirty years of service, to include the sum of their active service and their service on the retired list or in the Fleet Reserve or in the Fleet Marine Corps Reserve, as required by existing law: * * *."

The question then is whether the plaintiff, on August 1, 1955, or on any other date prior to August 22, 1956, had had 30

years' service, counting his "active service" and his "service on the retired list or in the Fleet Reserve * * * as required by existing law," which would satisfy the above proviso's requirements for receiving retired pay under method (b) of section 511.

The Government says that on August 1, 1955, the plaintiff's time was short of 30 years by one year and 21 days. It says that the time that the plaintiff was in Class F-2 Fleet Naval Reserve from July 4, 1929, to April 1, 1930, a period of eight months and 28 days, should not count. We return to that question hereinafter. The Government also says, not very emphatically, that four other short periods, once when the plaintiff's minority enlistment expired before he had served four years, and three times when his four-year enlistments had been terminated for the convenience of the Government a month and a few days before the end of the four-year enlistment, should not count.

Section 202 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1178,* provides:

"For all purposes of this Act a complete enlistment during minority shall be counted as four years' service and any enlistment terminated within three months prior to the expiration of the term of such enlistment shall be counted as the full term of service for which enlisted: * * *."

The Government says that this "constructive" service ought not to count for Navy men because there is no similar statutory provision for Army and Air Force men. That does not seem to us to be an adequate reason. We conclude that the plaintiff is entitled to count each of his first four enlistments at full four years each, for the purpose here involved.

We now return to the question of the eight months and 28 days that the plaintiff was in Class F-2, Fleet Naval Reserve. As noted above, the proviso of section 511 required 30 years of service for entitlement to pay under method (b).

These 30 years may include service in the "Fleet Reserve * * * as required by existing law."

The question is whether the term "Fleet Reserve" as used in that proviso of section 511 includes Class F-2, Fleet Naval Reserve. The defendant says that another section of the Career Compensation Act demonstrates that Fleet Naval Reserve is *not* included in Fleet Reserve. Subsection 202(a) (1) of the Career Compensation Act of 1949, 63 Stat. 802, 807, gives credit, for basic pay purposes, for *active* service in the Fleet Reserve. Subsection 202(a) (2) gives credit, for basic pay purposes, for active and *inactive* service in "the Naval Reserve Force." Subsection 202(b) provides, however, that one may *not* count, *for retired pay purposes*, time during which he receives retainer pay as a member of the *Fleet Reserve*, that is, for *inactive Fleet Reserve service*.

The defendant points out that retired Navy personnel do receive credit, for retired pay purposes,[1] for inactive Fleet Naval Reserve service. This credit results from the inclusion of such service in the computation of the basic pay factor which is an element of retired pay under section 511. If the credit were such as is excluded by subsection 202(b) from computation of retired pay, it could not be used in the basic pay factor of retired pay. See Jones v. United States, Ct.Cl., 289 F.2d 825.

If, therefore, Fleet Naval Reserve were meant, by the Career Compensation Act, to be included by the term Fleet Reserve, subsection 202(b) would prevent crediting of such inactive service for retired pay purposes. But such service *is* credited for retired pay purposes. We think that the Congress intended the term Fleet Reserve to have the same meaning throughout the Career Compensation Act. Since it appears that, as used in section 202, the term does not include Fleet Naval Reserve service, we think

---

* Now 10 U.S.C.A. § 6330(d).

1. Apparently, as service in the "Naval Reserve Force," under section 202(a) (2).

that it does not include such service when it is used in section 511.

Restated in outline form, our reasoning is:

"(1) 202(a) (2) gives credit for *inactive* service in the Naval Reserve Force;

"(2) 202(b) says one may *not* count *for retired pay purposes,* inactive Fleet Reserve service;

"(3) As administered, personnel do get retired pay credit for inactive service in the Fleet Naval Reserve;

"(4) Therefore, Fleet Naval Reserve must not be a part of the Fleet Reserve."

It might appear that this reasoning proves too much, i. e., that the plaintiff *is* entitled to credit for retired pay purposes for his inactive Fleet Reserve service. However, that is not what is involved in this lawsuit. Our question here is whether the particular requirement of 30 years' service as a prerequisite [2] to receipt of retired pay under method (b) of section 511 established by the proviso to section 511 may be fulfilled by such service. Whereas subsection 202(a) (2)

gives credit for all service, active and inactive, in "the Naval Reserve Force," the proviso to section 511 gives credit for service in the "Fleet Reserve." The plaintiff's service may, therefore, be creditable under one provision and not under the other. In the instant case, it is creditable under subsection 202(a)(2), but not under the section 511 proviso.

■ Our conclusion is that the plaintiff was entitled to credit, toward the 30 years required by the proviso of section 511, for his constructive service under his four abbreviated enlistments, but that he was not entitled to such credit for his service in Class F-2 of the Fleet Naval Reserve.

Both parties' motions for summary judgment are granted in part and denied in part. The plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE and WHITAKER, Judges, concur.

2. Note that this prerequisite applies only to personnel transferred to the Fleet Reserve prior to the effective date of section 511.