Whitaker, Judge,
delivered the opinion of tbe court:
This case is before the court on the motion of Joseph A. Herbert, plaintiff No. 6 in the above-styled action, for the entry of “judgment for increased disability retired pay for the period from October 1,1950, through December 31,1958, in the amount of $875.63.”
On October 5, 1956, the plaintiff, Joseph A. Herbert, and other persons similarly situated, filed the above action in this -court to obtain credit for his years of inactive service in the Fleet Reserve of the United States Navy, as well as for his years of active service, in computing the amount of his disability retired pay under § 402(d) of the Career Compensation Act of 1949, 63 Stat. 802, 818-819. In light of the decisions of this court in the cases of Seliga v. United States, 137 Ct. Cl. 710; Travis v. United States, 137 Ct. Cl. *179 148; and Bailey v. United States, 134 Ct. Cl. 471, upholding the right of persons in the plaintiff’s situation to receive credit for their periods of inactive service in computing their disability retired pay, an admission of liability with respect to this plaintiff’s claim was filed by the defendant on October 30, 1958. Thereafter, this court allowed a Call upon the General Accounting Office for a computation of the amount of increased disability retired pay due the plaintiff.
Because this plaintiff had previously prosecuted another case before this court and obtained a judgment for increased retired pay computed in accordance with the decision in Sanders v. United States, 120 Ct. Cl. 501, interpreting the provisions of § 208 of the Naval Reserve Act of June 25, 1938, 52 Stat. 1175, as added by the Act of August 10,1946, 60 Stat. 993, 994, the General Accounting Office was uncertain as to the effect to be given to the former judgment in computing the amount due the plaintiff in the instant case. Accordingly, alternative computations were submitted in response to the Call which require us to determine which is the correct computation. This depends upon whether the rule of res adjudieata bars plaintiff from now recovering in the present suit for the period from and including October 1, 1950, to and including April 7,1953.
In the former litigation mentioned above, styled Pedro Aguinaldo, et al. (plaintiff No. 26) v. United States, Ct. Cl. No. 49726, plaintiff sought to recover increased retired pay from the filing date of the petition, July 7, 1950, “to date of judgment.” Judgment was entered on April 7, 1953. In that case plaintiff did not seek recovery of the retired pay to which he was entitled under section 402(d) of the Career Compensation Act of 1949, supra, which became effective October 1, 1949, although that Act was in effect when his petition was filed.
His right to the benefits of that section were not passed on in the former litigation, but defendant says that it was incumbent on plaintiff in that litigation to advance every ground he ever wished to rely upon to support his claim for retired pay. That is correct, and had it been proper to render judgment for the entire period for which plaintiff sued, it would have barred any further claim for that period. *180 Clark v. United States, 150 Ct. Cl. 470, 281 F. 2d 443, and cases there cited.
The judgment entered was for the entire period for which plaintiff sued, but this was erroneous, because it was not in accord with the stipulation of the parties agreeing upon the judgment to be entered. The court had no basis for the entry of judgment other than the stipulation of the parties.
Paragraph 8 of the stipulation provides as follows:
8. In the opinion of counsel for plaintiffs and defendant the plaintiffs listed in Exhibit 1, under the terms of the compromise agreement in paragraph 6 above, are entitled to be compensated in the amounts shown in Exhibit 1 hereto. Defendant consents to the entry of judgment in favor of plaintiffs in the amount due to each plaintiff as shown in the column headed “Amount due” in Exhibit 1 hereto, and the plaintiffs agree to accept said amounts in full settlement of their claims for increased retainer or retired pay and for pay for good conduct for the 'periods shown on Exhibit 1 hereto. [Italics supplied.]
That portion of Exhibit 1 to the stipulation pertaining to plaintiff, Joseph A. Herbert, shows the following:
Plaintiff i];## Petition Sub. No. # Period of Claim íJí Amoimt (hue % sjs ;J:
Joseph Arthur Herbert (26) 11/7/45 to 9/30/49 1200.95
The judgment recited, however, that the “plaintiffs agreed to accept in full settlement of their claims set forth in the petitions the amounts hereinafter stated.” That was not the agreement. The agreement was that judgment should be entered only for the period November 7, 1945 to September 30,1949. That judgment, therefore, will be amended to accord with the stipulation. The end of the period for which judgment, will now be entered is September 30, 1949, which is the day before the effective date of the Career Compensation Act, October 1,1949. Thus the parties, by agreement, left undetermined plaintiff’s rights after the date that Act became effective. Those rights were not determined by the judgment as amended. Either party could have insisted on the entry of judgment for the entire period, but they chose not to do so.
*181 Under such, facts, there is no basis for the application of the rule of res adjudicata.
Plaintiff No. 6, Joseph A. Herbert, is entitled to recover from the United States the sum of $875.63 for retired pay for the period October 1, 1950, to and including December 31,1958. Judgment for that amount will be entered.*
It is so ordered.
DuRKee, Judge; LaramoRe, Judge; MaddeN, Judge, and Jones, Chief Judge, concur.

Pursuant to stipulation of the parties filed August 3, 1|961, for correction of the above judgment, it was ordered on August 8, 1981, that a supplemental judgment be entered for plaintiff Joseph A. Herbert (6) for $266.28, representing the amount due plaintiff for the period January 1, 1959, to and including April 30, 1961, under this opinion with the above judgment of $875.63 for the prior period to remain in full force and effect.