**J. Moran McGRATH, and Marion B. McGrath, as Sole Heirs and Successors to the Property of James G. McGrath, Deceased,**

v.

**The UNITED STATES.**

**No. 441–59.**

United States Court of Claims.

June 6, 1962.

James M. McCullough, Washington, D. C., for plaintiffs. Leo J. McCullough, Washington, D. C., was on the briefs.

Arthur E. Fay, Washington, D. C., with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant.

DAVIS, Judge.

This case is a companion to Broche v. United States, Ct.Cl., 303 F.2d 939, and can likewise be determined on the parties' motions for summary judgment. The substituted plaintiffs pursue the claim of James G. McGrath, a World War I emergency officer retired for physical disability, that he was entitled by the Career Compensation Act of 1949, 63 Stat. 802, 818, 823–4, 37 U.S.C.A. § 231 et seq., to have his retirement pay computed on the basis of a major's pay rather than the pay of a captain on which the defendant made its computation. The petition, filed October 14, 1959, was necessarily limited under 28 U.S.C. § 2501 to additional pay accruing within the six prior years.[1]

The original plaintiff served on active duty as a captain in the Quartermaster Corps, Officers' Reserve Corps, from May

1. James G. McGrath, the original plaintiff, died on March 30, 1960, and the present plaintiffs were substituted pursuant to Rule 25(a), 28 U.S.C.

29, 1917, to October 31, 1919, when he was honorably discharged. He subsequently joined the Officers' Reserve Corps and, in June 1923, was commissioned as a major, Quartermaster Corps, Officers' Reserve Corps. In June 1928, he was reappointed to that post and was immediately transferred to the Auxiliary Reserve. This appointment expired in June 1933. After the enactment of the Act of May 24, 1928 (discussed in the opinion in the Broche case), McGrath was placed, effective June 1, 1928, on the World War I emergency officers' retired list of the Army in the rank of captain. He was dropped from the list in 1933 pursuant to the Economy Act of March 20, 1933 (discussed infra) but under the Act of July 15, 1940 (also discussed infra) he was restored to the list as of July 15, 1940, and he remained thereon until his death. After the passage of the Career Compensation Act of 1949, he duly elected to qualify under the retirement pay provisions of that statute. The government computed his disability retirement pay under the 1949 Act on the basis of the pay of a captain, the rank he held at his discharge in World War I. The plaintiffs say that his reserve grade of major was the rank he held "at the time of his retirement", under Section 402(d) of the 1949 Act, and should form the basis of the computation.

For the reasons given in Broche v. United States, Ct.Cl., 303 F.2d 939, the plaintiffs' claim must be rejected. McGrath's "rank * * * at the time of his retirement", under Section 402(d), was the World War I captaincy from which he was discharged in 1919, not the reserve commission as a major he subsequently held from 1923 to 1933.

There is in this case a second, independent, reason, not applicable to Broche, why the plaintiffs cannot prevail. Even if the Career Compensation Act were interpreted as referring to a subsequent reserve rank held when the World War I emergency officer was placed on the retired list, McGrath would not qualify. For him the operative listing took effect as of July 15, 1940, and at that time he no longer had his reserve commission. We reach this result because the Act of May 24, 1928, 45 Stat. 735, which initially created the emergency officers' retired list, was repealed in March 1933; McGrath was dropped from the rolls at that time under the repealing statute; and he was only placed again on the list, in 1940, by virtue of a new statute, enacted in that year, which gave him new rights.

Section 17 of the Economy Act of March 20, 1933, 48 Stat. 8, 11, declared that:

> " * * * *all public laws* granting * * * retirement pay to veterans [of] * * * the World War, or to former members of the military or naval service for injury or disease incurred or aggravated in the line of duty in the military or naval service * * * *are hereby repealed* * * * " [Emphasis added].

Section 10, 48 Stat. 10, continued the retirement pay of those officers receiving it under the Act of May 24, 1928, if "the disease or injury or aggravation of the disease or injury directly resulted from the performance of military or naval duty" and the officer met the requirements of regulations to be issued under the new Act. Section 17, 48 Stat. 11, provided that the Administrator of Veterans' Affairs should review all previously allowed claims under the repealed laws. "and where a person is found entitled under this Act, authorize payment or allowance of benefits in accordance with the provisions of this Act * * *." McGrath's claim was so reviewed; he was found not entitled to retirement pay under the 1933 Act; and his name was removed from the emergency officers' retired list as of July 1, 1933. He remained off the list until Congress passed the Act of July 15, 1940, 54 Stat. 760, modifying the requirements of the 1933 Act for inclusion on the list. McGrath's qualifications were then reviewed under the 1940 Act and he was restored to emergency officer's retirement pay (with captain's rank) from July 15, 1940. (At that time,

as we have pointed out, he held no commissioned rank whatever.)

The plaintiffs find no significance in this sequence of events because, they argue, the Economy Act of 1933 did not repeal the aspect of the 1928 Act which "retired" emergency officers, but only the statute's *pay* provisions. Similarly, the 1940 Act, in plaintiffs' view, was simply a *pay* statute restoring the disability retirement pay which the Economy Act had stopped. Throughout this period, they say, the retirement effected by the 1928 Act remained vital, even though no pay attached thereto; in 1940, Congress did not provide a new retirement for McGrath but only a re-attachment of pay to his existing retired status.

We agree, however, with the Court of Appeals for the District of Columbia in Barnett v. Hines, 70 U.S.App.D.C. 217, 105 F.2d 96, 98, *cert. denied*, 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480, that the "Economy Act repealed the Tyson-Fitzgerald Act [the Act of May 24, 1928] and thus made nugatory all that had been done thereunder. It appears clear that the intention of Congress under the Economy Act was to cause a consideration *de novo* of applications for retirement acted on under the Tyson-Fitzgerald Act." Section 17 of the Economy Act, we have noted, expressly "repealed" "all public laws" granting "retirement pay" to World War I veterans and "to former members of the military or naval service for injury or disease incurred or aggravated in the line of duty in the military or naval service." These words are unambiguous and their plain purpose to do away with the 1928 Act as a whole is reenforced by the related provisions of the Economy Act establishing and incorporating substantive standards and procedures under which certain World War I emergency officers would continue on the retired list and receive future retirement pay, while others would be dropped (Sections 10 and 17). The 1940 Act, in turn, appears to have been considered as restoring to the retired list the World War I emergency officers who had been removed under the 1933 Act, not as a pay statute giving them back suspended retirement pay.[2]

Accordingly, when the 1928 Act was expressly repealed in 1933 and McGrath was removed from the retired list, all that had been done under the 1928 statute was "thus made nugatory" as to him. He could no longer claim to have been retired. What rights he had under the 1928 Act were erased and for him that Act no longer had any effect.[3] Upon his placement on the retired list after the 1940 Act, he received new rights under the new legislation, and those rights were wholly prospective.[4] The disability retirement pay he received after July 15, 1940, was paid pursuant to the new rights granted by the 1940 Act. That statute, rather than the 1928 Act, became the basic measure of his entitlement during the period for which plaintiffs sue.

In these circumstances, we hold that, even if (contrary to our ruling in Broche

---

**2.** H.Rept. No. 1727, 76th Cong., 3d Sess., states at p. 3: "Ninety percent of those *who would be returned to the retired list by this bill*, are captains, first lieutenants and second lieutenants. Approximately 800, or 19 percent, of the emergency officers *removed from the retired list under the Economy Act* have died. One hundred seventy-three, or 8 percent of those *retained on the retired list* have died since March 1933." [Emphasis added.] See also p. 2 ("returning to the retired list"; "retirement will be restored").

**3.** Those World War I emergency officers placed on the retired list under the 1928 Act who were continued under the 1933 statute are in a different class. Sections 10 and 17 of the Economy Act of 1933, 48 Stat. 10, 11, make it clear that, as to such officers, the repeal of the 1928 Act was not to affect their rights on the retired list.

**4.** Section 2 of the 1940 Act specifically provided: "No beneficiary under this Act shall receive any retirement pay for any period prior to the date of this Act." 54 Stat. 761.

Under 1 U.S.C. § 108 (formerly R.S. 12, 1 U.S.C. § 28), even if the 1940 Act is considered as repealing the 1933 Act, the 1928 Act would not be revived since the 1940 statute did not expressly so provide.

v. United States) Section 402(d) of the Career Compensation Act refers, with respect to World War I emergency officers, to a reserve rank held at the time they were placed on the retired list, that date in McGrath's case would be July 15, 1940, when he was listed pursuant to the 1940 Act.[5] At that time his reserve commission had expired and he held no rank. He would therefore not be entitled to retirement pay at any grade higher than his World War I rank of captain.

For these reasons plaintiffs are not entitled to recover. Their motion for summary judgment is denied. Defendant's motion for summary judgment is granted. The petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE and WHITAKER, Judges, concur.

**5.** The court has recognized the concept of a re-retirement in other connections. Phelan v. United States, 146 Ct.Cl. 218; Seliga v. United States, 149 F.Supp. 211,

137 Ct.Cl. 710; Travis v. United States, 146 F.Supp. 847, 137 Ct.Cl. 148; Bailey v. United States, 134 Ct.Cl. 471.