Laramore, Judge,
delivered the opinion of the court:
This suit has been instituted by a former chief petty officer of the U.S. Navy to recover disability retired pay computed under the provisions of method (1) of section 402(d) of Title IV of the Career Compensation Act of 1949, 63 Stat. 802, 818-819.
Plaintiff’s claim is that he is entitled to be credited, for longevity pay purposes, for the period from July 2, 1933 through August 28, 1940, when he was a member of the Fleet Naval Reserve on inactive duty.
It is the position of defendant that since plaintiff’s active duty pay at the time of his last release from active duty on November 14, 1941, did not, in fact, include longevity credit for inactive service in the Fleet Naval Reserve; that the crediting of inactive service in the Fleet Naval Reserve for *725 longevity pay purposes was, in fact, first authorized under the provisions of the Pay Eeadjustment Act of 1942, 56 Stat. 359; and that inasmuch as plaintiff did not serve on active duty subsequent to November 14, 1941, there is no authority for increasing plaintiff’s retired pay.
The case arises on cross-motions for summary judgment and presents but one question; i.e., may a former enlisted man of the TT.S. Navy who was retired by reason of a physical disability incurred in the line of duty prior to June 1, 1942, utilize his inactive service in the Fleet Eeserve in determining the basic pay factor to be used in computing disability retired pay under method (1) of section 402(d) of the Career Compensation Act, supra.
The facts are these: Plaintiff enlisted in the U.S. Navy on April 13, 1917. After serving through successive enlistments, he was transferred to the Fleet Eeserve, class F-4-C, as a chief petty officer on July 1, 1933, with credit for 16 years, 1 month, and 15 days of active service. After inactive service in the Fleet Eeserve of 7 years, 1 month, and 27 days, plaintiff was recalled to active duty on August 29, 1940. After performing an additional 1 year, 2 months, and 16 days of active service, the plaintiff was determined to have incurred a physical disability in the line of duty and was released to inactive duty on November 14, 1941. Effective December 1,1941, the plaintiff was placed on the retired list of the Eegular Navy with credit for a total of 17 years, 4 months, and 1 day of active service. At the time of his last release from active duty on November 14,1941, plaintiff was receiving active duty pay for over 16 years’ service for longevity pay purposes.
Pursuant to section 411 of the Career Compensation Act, supra, the Secretary of the Navy determined that plaintiff was entitled to elect to receive retired pay based on his rated disability of 30 percent, or based on 17 years of active service. Plaintiff elected to receive retired pay under section 402(d) of the Career Compensation Act, supra, based on his years of service and for the period subsequent to September 30,1949. Plaintiff’s basic pay has been computed on the basis of over 16 years’ service for longevity pay purposes. *726 In this suit plaintiff contends he is entitled to utilize the rate of basic pay for over 22 years of service.
"We believe the short and complete answer to the question presented is that section 402(d) of the Career Compensation Act, supra, provides that “* * * a member of the uniformed services who is retired pursuant to the provisions of this title, shall be entitled to receive disability retired pay computed, at his election, by multiplying an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time of the placement of his name on the temporary disability retired list or at the time of his retirement, whichever is earlier, * * Beyond question, at the time of his last release from active duty plaintiff was receiving basic active duty pay for over 16 years’ service, which did not include inactive service in the Fleet Reserve. In fact, it was not until J une 1,1942 that inactive time could be counted in the computation of retired pay. Pay Readjustment Act of 1942, supra. Plaintiff did not perform active duty on or after that date and hence he never was in a position to claim or get credit for inactive duty in the computation of his basic pay.
Plaintiff argues that this court’s decisions in Bailey v. United States, 134 Ct. Cl. 471; Travis v. United States, 137 Ct. Cl. 148; Seliga v. United States, 137 Ct. Cl. 710; and Jones v. United States, 152 Ct. Cl. 793, support his contention. However, those cases are readily distinguishable on the facts. In all those cases the plaintiffs had active duty service subsequent to June 1, 1942, the effective date of the Pay Readjustment Act of 1942, supra, which for the first time granted credit for inactive duty.
However, we think those cases actually support defendant’s position. In all the cases relied on by plaintiff, basic pay being received at the time of release was the principal factor.
In the Bailey case the court stated, at page 477:
* * * But the preceding language of section 402(d) which allows him to use as a factor “<m amount equal to the monthly basic pay of the rank, grade or rating held by him at the time’'’ of his second retirement, would seem to refer to the actual pay he was receiving, which pay in *727 fact included a longevity element based in part on Ms years of retired service. This basic pay would seem to be the right factor, whether the other factor is (1) the years of active service or (2) the percentage of disability. * * * [emphasis supplied]
In the Travis case the court stated, at page 155:
* * * He was serving and receiving the active duty pay of a full colonel (including longevity credit for over 26 years of service) on the date of his retirement and, accordingly, he is entitled under section 402 of the 1949 Act to have his disability retired pay computed on the basis of the active duty pay of the grade of a full colonel with over 26 years of service.
In the Seliga case the court stated, at page 715:
It is plaintiff’s contention that section 402(d) of Title IV of the 1949 Act permits the inclusion of both active and inactive service credit allowed by section 202 in the computation of his disability retired pay under one of the alternative methods provided for in section 402(d). This same issue was raised in the case of George W. Bailey, Jr. v. United States, 134 C. Cls. 471. In that case we held that the language of section 402(d), which allows a member of the uniformed services recalled to active duty and retired a second time for physical disability to use as a factor in computing his disability retired pay “an amount equal to the monthly basio pay of the rank, grade or rating held by him at the time” of his second retirement, has reference to the actual pay such member was receiving aft that time, which actual pay included a longevity element based in part on years of inactive service, [emphasis supplied]
In the Jones case the court stated, at page 796:
* * * In addition to setting forth a formula for computing retired pay similar to the one appearing in the (b) portion of section 511, section 402(d) provides for an alternative disability retired pay using the basic monthly pay being received at the time of retirement multiplied by the percentage of disability, [emphasis supplied]
Thus it seems clear that “basic pay” at the time of release was the important factor and, as stated earlier, at the time of Ms release no statute existed which permitted the inclusion of inactive duty in computing his basic pay.
*728 Plaintiff’s motion for summary judgment, therefore, must be denied, and defendant’s cross-motion is granted. Plaintiff’s petition is dismissed.